ELEANOR F. LEACH, APPELLANT, V. STATE DEPARTMENT OF MOTOR VEHICLES ET AL., APPELLEES.

327 N.W.2d 615

Filed December 17, 1982. No. 44484.

David T. Schroeder, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellees.

KRIVOSHA, C.J., HASTINGS, and CAPORALE, JJ., and DAVIS, D.J., and COLWELL, D.J., Retired.

HASTINGS, J.

The driver's license of the plaintiff, Eleanor F. Leach, was revoked for a period of 6 months under the provisions of the Nebraska implied consent law, Neb. Rev. Stat. § 39-669.16 (Reissue 1978), by an order of Harry "Pete" Peterson, Director, Department of Motor Vehicles, State of Nebraska. The plaintiff appealed to the District Court of Cheyenne County. That court sustained a special appearance filed by all defendants because of lack of jurisdiction over them. The plaintiff has appealed to this court.

The director's order was entered on June 26, 1980, and the petition on appeal was filed in the District Court on July 9, 1980. However, the praecipe for summons was not filed until October 23, 1980, upon which summons was issued the same date and served on Harry "Pete" Peterson, Director, Department of Motor Vehicles of the State of Nebraska, on October 28, 1980.

In the meantime, on September 5, 1980, the State of Nebraska, the Department of Motor Vehicles, and Harry "Pete" Peterson, Director, Department of Motor Vehicles of the State of Nebraska, had filed a special appearance which was sustained on October 29, 1980. The cause had been submitted on briefs on October 22, the day before the plaintiff finally filed her praecipe for summons.

The plaintiff assigns as error simply that the court

erred in sustaining the special appearance and dismissing her appeal.

We should note at the outset that no summons was ever requested or issued for service upon the State of Nebraska or the Department of Motor Vehicles, and therefore the special appearance was properly sustained as to those parties. As to the defendant Peterson, the summons served upon him was not returned to the court until November 3, 1980, and therefore the order sustaining the special appearance as to him was proper as of the date of its issuance, October 29, 1980. However, by the time the motion for a new trial had been filed and overruled, the record disclosed that the summons had in fact been served on October 28, 1980.

Neb. Rev. Stat. § 60-420 (Reissue 1978) authorizes an appeal from an order of the director and provides specifically as follows: "Applicant or licensee shall file his petition in such district court within thirty days from the date of filing of the director's final order in the matter, and he shall file such transcript before answer day which shall be the same as provided under the code of civil procedure in section 25-821."

In order to determine the proper procedure to perfect an appeal in a case such as this, the foregoing section must be read together with Neb. Rev. Stat. § 84-917(2) (Reissue 1981), which provides: "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. Summons shall be *served as in other actions* except that a copy of the petition shall be served upon any such agency together with the summons. . . ." (Emphasis supplied.)

Although § 60-420 speaks in terms of an "appeal," it is apparent from a reading of § 84-917(2) and a consideration of the actual nature of the proceedings

that this is not an appeal, but rather is a proceeding to review the action of an administrative agency. Thus, particularly in cases of this kind, where the agency, or rather the director, is charged with the responsibility of protecting the public interest as distinguished from determining the rights of two or more individuals in a dispute before such agency, Peterson, as such director, was one of "all parties of record." He therefore is a necessary or indispensable party in this "appellate" proceeding. *Winkelmann v. Nebraska Liquor Control Commission,* 198 Neb. 481, 253 N.W.2d 307 (1977).

The defendants insist that *Norris P.P. Dist. v. State ex rel. Jones,* 183 Neb. 489, 161 N.W.2d 869 (1968), requires that in order to perfect an appeal in this type of proceeding, not only must the petition be filed within the 30-day period but so must the summons be issued and served within that same time frame. That was clearly the holding of *Jones,* which stated that the filing of a petition without the issuance of a summons did not amount to the commencement of an action, and cited Neb. Rev. Stat. § 25-217 (Reissue 1964) in support of that statement. However, at the time of the opinion, that particular section read: "An action shall be deemed commenced, within the meaning of this chapter, as to the defendant, *at the date of the summons* which is served upon him . . . ." (Emphasis supplied.) Section 25-217 (Reissue 1979), which was effective at the time the instant case was decided by the trial court, reads as follows: "An action shall be deemed commenced, within the meaning of this chapter, as to the defendant, *on the date the petition is filed* with the court if proper service is obtained within six months of such filing." (Emphasis supplied.)

It is the defendants' further contention, however, that where the provisions of a statute are incorporated by reference into another or where one statute refers to another for powers given or rules of procedure prescribed by the former, the statute or

provision referred to becomes a part of the referring statute; and in the event the earlier statute is later repealed the provisions incorporated, the powers given, or rules prescribed by the incorporated statute continue in force. They cite *Hanson v. City of Omaha,* 157 Neb. 768, 61 N.W.2d 556 (1953), in support of such a rule. More recently, the same rule was again stated in *School Dist. No. 17 and Westside Comm. Schools v. State,* 210 Neb. 762, 316 N.W.2d 767 (1982). However, the same situation as found in *Hanson* and *School Dist. No. 17* is not present in the instant case. In the first place, no specific statute has been incorporated into § 84-917(2). At most, it amounts to the adoption of the general law as to service of summons "as in other actions," part of which is composed of § 25-217. We believe that when a statute adopts the general law on a particular subject rather than a specific statute, it adopts not only the existing law but later legislation on the subject. *State v. District Court (Delaware County),* 253 Iowa 903, 114 N.W.2d 317 (1962). Furthermore, the statute under discussion was not repealed but was amended, contrary to the situation in *Hanson* and *School Dist. No. 17.* The specific holding in *Jones,* that a "plaintiff on appeal" must not only file a petition within the 30-day period but must also cause a summons to be issued within the same time frame, is no longer applicable.

Whether we look to § 60-420 (the applicant "shall file his petition . . . within thirty days") or § 84-917(2) ("proceedings . . . shall be instituted by filing a petition . . . within thirty days"), the plaintiff, by filing a petition within 30 days and causing summons to issue and be served within 6 months thereof, has perfected her "appeal" within the statutory time limits.

The defendants also argue that in order to make the State of Nebraska a party defendant, summons must issue in the manner provided for in Neb. Rev. Stat. § 24-321 (Reissue 1979), which requires service upon the Governor, the Attorney General, and the

chief officer of the department involved. However, that section is applicable only to actions brought under Neb. Rev. Stat. § 24-319 (Reissue 1979), which include claims rejected or disallowed by the Director of Administrative Services, claims for relief that may be presented to the Legislature, setoffs and claims for damages, cases where the State of Nebraska shall have a lien, and all cases where the State of Nebraska or the Board of Educational Lands and Funds of the State of Nebraska is the owner of or has or claims an interest in certain municipal bonds. The present proceeding does not fit within any of those requirements. Making an administrative agency a party defendant in an appeal under the so-called "Administrative Procedures Act," Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1981), is not an action against the State of Nebraska within the meaning of §§ 24-319 et seq.

The District Court was in error in sustaining the special appearance of the defendant Peterson and in dismissing the plaintiff's appeal. Accordingly, its judgment is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.