JEFFREY L. CONKEL, APPELLANT, V. MARGARET L. HIGGINS, IN
HER OFFICIAL CAPACITY, ET AL., APPELLEES.
511 N.W.2d 147

Filed April 6, 1993.    No. A-91-462.

Michael K. High, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellant.

Don Stenberg, Attorney General, and Paul N. Potadle for appellees.

CONNOLLY, MILLER-LERMAN, and WRIGHT, Judges.

MILLER-LERMAN, Judge.

The Nebraska Department of Motor Vehicles (the Department) issued a notice of revocation to Jeffrey L. Conkel, appellant, which notice stated that beginning on November 2, 1989, his driver's license and privileges to operate a motor vehicle in Nebraska were to be revoked for a period of 3 years. This action was the second revocation for Conkel within 5 years. Conkel appealed the Department's second administrative revocation of his license to the district court for

Lancaster County. An order staying the revocation until final appellate determination was entered on November 17, 1989. On April 16, 1991, the district court concluded that the Department had acted in compliance with Nebraska law and dismissed the action. This appeal was timely filed.

On appeal, the final order of the district court may be reversed, vacated, or modified by this court for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Cum. Supp. 1992). For the reasons recited below, we do not find error and affirm.

A review of the record shows Conkel's driving record and the corresponding administrative action to be as follows:

| Violation Date | Conviction Date | Offense | Court and Location | Points |
|---|---|---|---|---|
| 05-29-86 | 07-28-86 | Speed over 15 m.p.h. | County Court Beatrice | 3 |
| 07-09-86 | 09-02-86 | Speed over 15 m.p.h. | County Court Lincoln | 3 |
| 01-20-87 | 02-27-87 | Speed over 15 m.p.h. | County Court North Platte | 3 |
| 11-05-87 | 03-17-88 | Speed over 15 m.p.h. | County Court Seward | 3 |
| 01-07-88 | 03-17-88 | Speed over 15 m.p.h. | County Court Wahoo | 3 |
| 02-27-88 | 03-28-88 | Speed over 10 m.p.h. | County Court Lincoln | 3 |
| 03-18-88 | 08-02-88 | Speed over 15 m.p.h. | County Court Lincoln | 3 |
| | 03-24-88 | Revocation on points as of last conviction date, 03-17-88, 15 points total | | |
| 11-01-88 | 12-06-88 | Speed over 15 m.p.h. | County Court Kansas | 3 |

| 08-04-89 | 09-27-89 | Reckless driving | County Court Lincoln | 5 |
| | 11-02-89 | Revocation on points as of last conviction date, 09-27-89, 14 points total | | |

The facts show that when Conkel's license was revoked on March 24, 1988, the Department's action was based on Conkel's having accumulated 15 points for five speeding convictions where the speeding had occurred on May 29 and July 9, 1986, January 20 and November 5, 1987, and January 7, 1988, and the convictions preceded the March 24, 1988, revocation. Although two additional speeding tickets for violations occurring on February 27 and March 18, 1988, had been issued to Conkel prior to the March 24, 1988, revocation, there were no convictions for these two additional tickets as of March 24, 1988, and, therefore, they were not applied in determining points accumulated in support of the March 24, 1988, revocation.

The evidence further shows that the revocation of November 2, 1989, was based on 14 points accumulated for three speeding convictions and a reckless driving conviction. These violations occurred on February 27, March 18, and November 1, 1988, and August 4, 1989, and the convictions all occurred after the March 24, 1988, revocation.

Conkel argues to this court, as he did to the district court, that the Department erred in revoking his license the second time. Conkel argues that because his license was revoked on March 24, 1988, under Neb. Rev. Stat. § 39-669.29 (Reissue 1988) the violations which occurred prior thereto, i.e., on February 27 and March 18, 1988, should be extinguished and otherwise disregarded in calculating points toward a subsequent revocation. We do not agree.

In arguing that the Department erred, Conkel relies on § 39-669.29, which provides:

When the license or privilege of such person is revoked or suspended for a period of at least six months by the order of conviction or as provided by sections 39-669.26 to 39-669.30, points accumulated by reason of the conviction containing such order of revocation, or the conviction

bringing the total number of points charged to such person to twelve or more, and all prior points accumulated, shall be disregarded so far as any subsequent revocation is concerned.

Conkel claims that in revoking his license a second time, the Department improperly took into account driving violations which had occurred prior to March 24, 1988, the date of his first revocation, but for which there were no convictions.

"When asked to interpret a statute, [an appellate court] must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense." *Georgetowne Ltd. Part. v. Geotechnical Servs.*, 230 Neb. 22, 28, 430 N.W.2d 34, 39 (1988). Section 39-669.29 states that "points accumulated by reason of the conviction containing such order of revocation, or the conviction bringing the total number of points charged to such person to twelve or more, and all prior points accumulated, shall be disregarded so far as any subsequent revocation is concerned." A plain reading of the statute shows that points are accumulated only after or by reason of a conviction. This reading is consistent with the entire language of the statute and with *Georgetowne Ltd. Part., supra*, as well as the presumption of innocence accorded a defendant, see *State v. Ruiz*, 241 Neb. 693, 489 N.W.2d 865 (1992), under which it would be inappropriate or worse to apply points occasioned by unconvicted driving violations toward a revocation.

On appeal, Conkel directs this court's attention to other portions of the Nebraska Rules of the Road and argues that pursuant to Neb. Rev. Stat. § 39-669.26 (Reissue 1988), points should be accumulated as of the date of violation regardless of the date of conviction. In particular, Conkel relies on the sentence in the section pertaining to the point system which reads as follows: "All such points shall be assessed against the driving record of the operator as of the date of the violation for which conviction was had." See § 39-669.26. Conkel claims that it is necessary to read the word "accumulated" in § 39-669.29 the same as the word "assessed" in § 39-669.26 and that points to be disregarded in connection with subsequent

revocations under § 39-669.29 are points for which the violation is deemed to have been assessed and accumulated as of the date of the occurrence of the violation. Contrary to Conkel's argument, in § 39-669.26 points are assessed only after "conviction was had," which is entirely consistent with § 39-669.29 under which points are accumulated only after conviction.

It has been held that "[a]ll statutes relating to the same subject are considered as parts of a homogeneous system, and . . . should be construed together." *Georgetowne Ltd. Part.*, 230 Neb. at 30, 430 N.W.2d at 39. In construing the sections relied on by Conkel together, we conclude that the points which are to be disregarded for purposes of subsequent revocation under § 39-669.29 are those points for which a conviction had been had prior to the first revocation.

It has long been held that the Department's duty to revoke licenses under Neb. Rev. Stat. § 39-669.27 (Cum. Supp. 1992) is ministerial and mandatory upon receipt of a driving abstract showing the requisite number of points. *State v. Lessert*, 188 Neb. 243, 196 N.W.2d 166 (1972); *State v. Garst*, 175 Neb. 731, 123 N.W.2d 638 (1963). The record shows that the Department received Conkel's final driving abstract on October 10, 1989. When the points from that conviction were added to his prior convictions, they totaled 14 points, and the Department properly revoked Conkel's license. There being no error, we affirm.

AFFIRMED.