NORTHERN STATES BEEF, APPELLANT, V. ARTHUR L. STENNIS, APPELLEE.

509 N.W.2d 656

Filed December 14, 1993.   No. A-92-290.

Patrick J. Barrett, of McGrath, North, Mullin & Kratz, P.C., for appellant.

Roger K. Johnson, of Casey, Elworth & Johnson, for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

WRIGHT, Judge.

Northern States Beef appeals the order of the district court dismissing its petition for review of an order of the Nebraska Equal Opportunity Commission and awarding attorney fees to Arthur L. Stennis.

## SCOPE OF REVIEW

■ An aggrieved party may secure a review of any judgment rendered or final order made by the district court under the Administrative Procedure Act by appeal to the Court of Appeals. In an appeal under the Administrative Procedure Act, the appeal shall be taken in the manner provided by law for appeals in civil cases, and the judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Cum. Supp. 1992); *Davis v. Wright*, 243 Neb. 931, 503 N.W.2d 814 (1993).

## FACTS

Arthur L. Stennis filed a complaint with the Nebraska Equal Opportunity Commission (NEOC) against Northern States Beef, asserting that the termination of his employment was discriminatory and was based on his disability. The hearing officer found that Stennis' employment discrimination claim

filed pursuant to Neb. Rev. Stat. § 48-1104 (Reissue 1988) alleged that Stennis received disparate treatment because of his seizure disorder, or epilepsy. The hearing officer found that Stennis had made a prima facie showing of discrimination, but that Northern States had articulated a good faith, nondiscriminatory reason for terminating Stennis, and that Stennis did not satisfy his burden of showing that Northern States' reason for termination was a mere pretext for discrimination. The hearing officer recommended the dismissal of Stennis' complaint.

The NEOC amended the recommended order in part and issued a final order on October 18, 1991. The NEOC found that Stennis had satisfied his burden of showing that the reason articulated by Northern States was a mere pretext for discrimination. It ordered Stennis' immediate reinstatement with an award of backpay for the period of September 13, 1989, to October 21, 1991; coverage for medical costs; and an attorney fee of $8,310 and expenses of $238.

On November 15, 1991, Northern States filed a petition for review of the NEOC's order. On December 17, it filed a praecipe requesting that a summons and a copy of the petition for review be served upon Stennis. That same date, Stennis filed a motion to dismiss, contending that the court did not have jurisdiction because the appeal was not properly perfected, since no summons was served within 30 days of filing the petition. The district court sustained Stennis' motion to dismiss, concluding that service of summons was a jurisdictional requirement. The court awarded an attorney fee of $500 to Stennis.

## ASSIGNMENTS OF ERROR

Northern States contends that the district court erred in holding that the issuance of summons within 30 days of the filing of a petition for review under the Nebraska Fair Employment Practices Act and the Administrative Procedure Act is jurisdictional. Northern States asserts that the district court erred in dismissing the petition because Northern States had substantially complied with Neb. Rev. Stat. § 48-1120 (Reissue 1988), and Northern States contends that Stennis waived any jurisdictional objections by failing to make a special

appearance to object to jurisdiction and by filing a motion to dismiss.

### ANALYSIS

The issue on appeal is whether serving a summons within 30 days of the filing of the appeal is required in order for the district court to acquire subject matter jurisdiction for review under the Nebraska Fair Employment Practices Act and the Administrative Procedure Act. Section 48-1120(1) provides that an appeal from a decision by the NEOC must be in accordance with the Administrative Procedure Act. The applicable section of the Administrative Procedure Act provides:

> Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. . . . Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action.

Neb. Rev. Stat. § 84-917(2)(a) (Cum. Supp. 1992).

Northern States' petition for further review was filed November 15, 1991, but its praecipe for summons was not filed until December 17, which time period was more than 30 days. We do not decide whether the filing of a praecipe is the equivalent of service of summons, since neither event occurred within 30 days.

The district court, in dismissing the appeal, relied upon *Norris P.P. Dist. v. State ex rel. Jones*, 183 Neb. 489, 161 N.W.2d 869 (1968). In *Norris P.P. Dist.*, the primary question was whether or not the district court obtained jurisdiction of the appeal under § 84-917(2) (Reissue 1966), which required, inter alia, that "[s]ummons shall be served as in other actions." The court held that the requirements for invoking the jurisdiction of the district court were "the filing of a petition, with all parties of record made parties, and the service of summons on such parties, all within 30 days from the service of

the final decision of the agency . . . ." 183 Neb. at 492, 161 N.W.2d at 871.

The plaintiffs contended that jurisdiction was complete with the filing of the petition only. The court concluded that it was the intention of the legislative act to require within 30 days the filing of a petition, and the issuance of summons subsequently served to confer jurisdiction on the district court. At the time *Norris P.P. Dist.* was decided, Neb. Rev. Stat. § 25-217 (Reissue 1964) provided that an action was deemed commenced as to the defendant on the date on which summons was served on the defendant. Northern States argues that *Norris P.P. Dist.* does not control because § 25-217 (Reissue 1964) differed from § 25-217 (Reissue 1989), which now provides that an action is commenced on the date the petition is filed with the court, and an action shall stand dismissed without prejudice as to any defendant not served within 6 months from the date the petition was filed.

*Leach v. Dept. of Motor Vehicles,* 213 Neb. 103, 106, 327 N.W.2d 615, 617 (1982), quotes § 25-217 (Reissue 1979), which, before *Leach* was decided, had been amended to provide that " '[a]n action shall be deemed commenced, within the meaning of this chapter, as to the defendant, on the date the petition is filed with the court if proper service is obtained within six months of such filing.' " (Emphasis omitted.) Section 84-917(2) (Reissue 1981) provided that summons shall be served as in other actions. The court held that the appeal under § 84-917(2) was perfected by filing a petition within 30 days of service of the final decision of the director and by causing summons to issue and be served within 6 months of such filing.

After *Leach,* § 84-917 was again modified to now provide that the summons shall be served within 30 days of filing of the petition. Northern States argues that this language requiring the service of a summons within 30 days is not mandatory to confer jurisdiction upon the district court. See § 84-917(2)(a) (Cum. Supp. 1992). Northern States urges us to adopt the holding of *Cox v. Board of Fire & Police Commissioners,* 96 Ill. 2d 399, 451 N.E.2d 842 (1983), that the issuance of a summons within 35 days under the Administrative Review Act was mandatory but not jurisdictional.

We decline to adopt the rationale of *Cox* in determining whether service of summons is a jurisdictional requirement under the Administrative Procedure Act in Nebraska. We note that serving summons within 30 days has been inserted as a new requirement for instituting proceedings for review under the Administrative Procedure Act. See § 84-917(2)(a) (Cum. Supp. 1992).

In *Maurer v. Weaver*, 213 Neb. 157, 328 N.W.2d 747 (1982), the court determined that the failure of an administrative agency to prepare and transmit to the court a certified transcript of the proceedings before it within 15 days after service of the petition, pursuant to § 84-917(4) (Reissue 1981), did not, in and of itself, require the setting aside of the agency's order. The court stated that in order to perfect an appeal to the district court from an order entered by an agency, the petition must be filed within 30 days and a summons must be issued and served within 6 months. Although the preparation and filing of the transcript under the Administrative Procedure Act were critical to the decision, the court held that those steps were not jurisdictional.

We must therefore determine the intent and purpose of the Legislature in adding the requirement of service of a summons within 30 days under § 84-917(2)(a) (Cum. Supp. 1992) in light of the amendment to § 25-217 (Reissue 1989), which provides that an action shall stand dismissed as to any defendant not served with summons within 6 months from the date the petition is filed. When an appellate court is asked to interpret a statute, it must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Conkel v. Higgins*, 1 Neb. App. 676, 511 N.W.2d 147 (1993). We find that the plain meaning of the statute requires that summons be served within 30 days of the filing of the petition in order to perfect an appeal under the Administrative Procedure Act. We conclude that the Legislature intended that service be effected in 30 days and not 6 months as provided in § 25-217.

If the service of a summons within 30 days is not jurisdictional, then 30-day service of summons has no reason

for being included in § 84-917(2)(a). We therefore hold that in order to perfect an appeal under the Administrative Procedure Act, the party instituting the proceedings for review must file a petition in the district court for the county where the action is taken within 30 days after the service of the final decision by the agency, and cause summons to be served within 30 days of the filing of the petition. In this case, we do not decide whether the filing of a praecipe for summons within the above 30 days would comply with the statute, since Northern States did not file a praecipe or have summons served within the 30-day period.

Northern States argues that summons was timely issued because the petition was filed by mail and a file-stamped copy was returned to Stennis' counsel on or about November 18, 1991, which was within 30 days of the filing of the praecipe on December 17. Northern States relies upon Neb. Rev. Stat. § 25-534 (Reissue 1989). Our review of this statute shows that it does not apply to a summons. Section 25-534 specifically exempts a summons from the 3-day extension period.

Finally, Northern States claims that the motion to dismiss filed by Stennis constituted a general appearance which conferred jurisdiction upon Stennis. The problem with this argument is that the issue before us is subject matter jurisdiction and not personal jurisdiction. In *Nebraska Dept. of Correctional Servs. v. Carroll*, 222 Neb. 307, 309, 383 N.W.2d 740, 741 (1986), the court held:

> To acquire jurisdiction over the subject matter of the action, the requirements of the statute granting right of appeal are mandatory and must be fully complied with in order for the district court to have jurisdiction, and the district court may not enter any order other than an order of dismissal.

When the summons was not served, Stennis took the appropriate action in seeking a dismissal for lack of subject matter jurisdiction. The district court did not have jurisdiction over the action and properly granted the motion to dismiss. Because the district court did not have jurisdiction, this court does not have jurisdiction over the appeal. Where the court from which an appeal was taken lacked jurisdiction, an

appellate court acquires no jurisdiction. *Garber v. State*, 241 Neb. 523, 489 N.W.2d 550 (1992).

In *Nebraska Dept. of Correctional Servs. v. Carroll, supra*, the court held that under the previous statute, § 48-1120(6) (Reissue 1984), an award of attorney fees was proper for securing dismissal of the appeal. Section 48-1120(2) (Reissue 1988), which is similar to § 48-1120(6), provides: "In any action or proceeding under the Nebraska Fair Employment Practice Act wherein an appeal is lodged in the district court, the court, in its discretion, may allow the prevailing party reasonable attorney's fees as part of the costs." We find that in accordance with *Carroll*, the district court's award of $500 for attorney fees was reasonable and proper.

We decline to award attorney fees because § 48-1120(2) does not provide for attorney fees in this court.

The decision of the district court is affirmed.

AFFIRMED.