LINDA K. MCLAUGHLIN, APPELLEE, V.
JEFFERSON COUNTY BOARD OF EQUALIZATION, APPELLANT.

567 N.W.2d 794

Filed June 3, 1997.    No. A-97-250.

HANNON, SIEVERS, and INBODY, Judges.

SIEVERS, Judge.

The appellate courts of Nebraska have not had an occasion to write about the new Nebraska Tax Equalization and Review Commission (Commission) in general or, in particular, about how subject matter jurisdiction from the Commission to this court is perfected. Our practice is to closely examine all cases in their initial stages to ensure that jurisdiction has been properly conferred on this court. Our objective is to quickly terminate appeals when we lack jurisdiction because of procedural defects. Because we are dealing with a new statute and the new issue of how jurisdiction is perfected from the Commission to this court, we believe that an opinion explaining our decision is in order, rather than merely summarily dismissing this appeal, as we usually do when jurisdiction is lacking.

## PROCEDURAL BACKGROUND

The Jefferson County Board of Equalization (Board) has filed a petition with this court for review of the Commission's decision of February 12, 1997, in which the Commission reversed the Board's valuation of Linda K. McLaughlin's property and reduced the assessed value of the property.

McLaughlin is the owner of property located at 1329 C Street in Fairbury. For tax year 1996, the Board valued the land at $1,672 and the building at $6,828, a total of $8,500. McLaughlin protested the assessment, which the Board denied. McLaughlin then filed an appeal challenging the decision of the Board with the Commission, pursuant to the Tax Equalization and Review Commission Act, Neb. Rev. Stat. § 77-5001 et seq. (Reissue 1996). The Commission has the power under § 77-5007 to hear and determine appeals of any decision of any county board of equalization.

On January 30, 1997, a hearing was held before the Commission, during which arguments were heard and evidence was submitted to the Commission by McLaughlin and the Board. The Commission took the matter under advisement and, on February 12, issued a finding that McLaughlin's property was assessed at more than its value and that such value was unreasonable, that the Board's decision which denied McLaughlin's protest was reversed, and that the property would be assessed at $1,772 for the tax year 1996 rather than $8,500.

The Board then filed a petition with this court on March 10, 1997, pursuant to § 77-5019. At the time of filing the petition, the Board did not file a praecipe with this court to institute service of summons upon McLaughlin, nor did the Board do so within 30 days after filing the petition. As a result, and pursuant to our normal jurisdictional review of new cases, on May 6, this court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. In response, on May 8, the Board filed a praecipe with the Clerk of this court for service of summons upon McLaughlin. In response to our show cause order, the Board stated that it had mailed a copy of the petition to McLaughlin on or about March 7 and alleged that McLaughlin was not prejudiced by the Board's failure to comply with the service of summons requirement of § 77-5019. We

consider the jurisdictional question presented by the Board's failure to timely serve a summons upon McLaughlin.

## ANALYSIS

Section 77-5019(1) provides that any person aggrieved by a final decision in a case appealed to the Commission, "whether the decision is affirmative or negative in form, shall be entitled to judicial review in the Court of Appeals." Under § 77-5019(2)(a), proceedings for review "shall be instituted by filing a petition in the Court of Appeals within thirty days after the notification of the final decision by the commission." In addition, this subsection provides:

> All parties of record shall be made parties to the proceedings for review. If the commission's only role in a case is to act as a neutral factfinding body, the commission shall not be a party of record. In all other cases, the commission shall be a party of record. *Summons shall be served within thirty days after the filing of the petition in the manner provided for service of a summons in a civil action.*

(Emphasis supplied.)

The bill which contained the provisions of the Tax Equalization and Review Commission Act, 1995 Neb. Laws, L.B. 490, was enacted in 1995. Its introducer, Senator Doug Kristensen, stated during floor debate that a petition for judicial review by this court filed pursuant to § 77-5019 "becomes an administrative review hearing, similar to what we do with like the Department of Insurance, Department of Banking and a few other administrative agencies, but you get your day in court then at the court of appeals level." Floor Debate, L.B. 490, 94th Leg., 1st Sess. 3469 (Mar. 29, 1995). The bill was heard before the Revenue Committee, and that committee's Committee Statement for L.B. 490 indicates that the Administrative Procedure Act (APA) was used as a model for the Tax Equalization and Review Commission Act. A comparison of § 77-5019 and Neb. Rev. Stat. § 84-917 (Reissue 1994) of the APA reveals that the two statutes have almost identical language, save for the fact that instead of filing a petition with the district court, as is the case under the APA, the aggrieved party from a Commission decision must file a petition with the Court of Appeals. But,

importantly, the requirement that all parties of record shall be made parties to the proceedings for review and that summons shall be served within 30 days of filing the petition is common to both statutory schemes.

We turn then to the APA and case law regarding the acquirement of subject matter jurisdiction by the district court under the APA. In this way, we determine whether under § 77-5019 this court, acting, it would appear, as if it were the district court in an APA case, has acquired subject matter jurisdiction over this case.

The Nebraska Supreme Court has held that "[w]here a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought 'in the mode and manner and within the time provided by statute.'" *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 350, 562 N.W.2d 355, 357 (1997) (quoting *McCorison v. City of Lincoln*, 218 Neb. 827, 359 N.W.2d 775 (1984)). The *Essman* court also noted that the court had previously held that "the filing of the petition and the service of summons pursuant to [§ 84-917] of the Administrative Procedure Act are the two actions necessary to establish the jurisdiction of the district court to review the final decision of an administrative agency." *Id.* at 350, 562 N.W.2d at 358. That the jurisdictional requirements would be the same under acts with identical statutory language logically follows.

In *Northern States Beef v. Stennis*, 2 Neb. App. 340, 509 N.W.2d 656 (1993), Northern States filed a petition on November 15, 1991, for review of the Nebraska Equal Opportunity Commission's decision rendered on October 18, 1991. On December 17, Northern States filed a praecipe requesting that a summons and a copy of the petition be served upon Stennis, Northern States' former employee. This court held that

> in order to perfect an appeal under the Administrative Procedure Act, the party instituting the proceedings for review must file a petition in the district court for the county where the action is taken within 30 days after the service of the final decision by the agency, and cause summons to be served within 30 days of the filing of the petition.

*Id.* at 346, 509 N.W.2d at 659.

We held that because Northern States had failed to timely have summons served upon Stennis, the district court did not have subject matter jurisdiction over the action. While Northern States made an argument similar to the Board's argument here—that in essence, there was no prejudice to the respondent party because although a summons did not issue, notice was given—we noted in *Stennis* that "[t]he problem with this argument is that the issue before us is subject matter jurisdiction and not personal jurisdiction." *Id*. *Stennis* rejects the contention that under the APA, jurisdiction is perfected with the filing of the petition for review.

Given the legislative history and the fact that the statutory language of § 77-5019(2)(a) is the same as that of § 84-917(2)(a) of the APA, we can reach no conclusion except that service of summons within 30 days of the filing of the petition for review of the Commission's decision is necessary to confer subject matter jurisdiction upon this court.

This court does not have subject matter jurisdiction over the action because the Board failed to timely have summons served upon McLaughlin. We therefore dismiss the Board's petition for lack of subject matter jurisdiction.

APPEAL DISMISSED.