Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/04/2018 08:10 AM CDT

- 936 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
RETROACTIVE, INC. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 298 Neb. 936

Retroactive, Inc., a Nebraska corporation, doing
business as Funkytown, appellee, v. Nebraska Liquor
Control Commission, an agency of the State of
Nebraska, appellant, and City of Omaha,
a political subdivision of the State
of Nebraska, appellee.

___ N.W.2d ___

Filed February 9, 2018.    No. S-17-202.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Vacated and dismissed.

Douglas J. Peterson, Attorney General, and Milissa Johnson-Wiles for appellant.

Burke J. Harr and Justin D. Eichmann, of Houghton, Bradford & Whitted, P.C., L.L.O., for appellee Retroactive, Inc.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

The Nebraska Liquor Control Commission (Commission) denied the issuance of a Class C liquor license to applicant Retroactive, Inc., doing business as Funkytown, for premises

- 937 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
298 NEBRASKA REPORTS
RETROACTIVE, INC. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 298 Neb. 936

located in Omaha, Nebraska. Retroactive sought review in the district court, arguing that the decision of the Commission (1) was arbitrary and capricious and unsupported by evidence and (2) exceeded the authority of the Commission. The City of Omaha (City) filed a motion to dismiss for failure to name the citizen objectors as "necessary parties" to the petition for review. The district court denied the City's motion and entered an order reversing the Commission's decision to deny the Class C liquor license. The Commission appeals. We hold that the district court did not have subject matter jurisdiction, because the Commission did not name the citizen objectors as parties of record to the petition for review.

## BACKGROUND

### FACTUAL BACKGROUND

On October 1, 2015, Retroactive applied for a Class C liquor license for a nightclub located at 1516 Jones Street in Omaha (application). Nine objectors filed citizen protests against the application. All of the objectors reside in a residential building that shares a common wall with the proposed nightclub. On December 17, the Commission held a hearing concerning the application.

At the hearing, the City called three witnesses. First, an assistant city attorney for the City testified that Retroactive's owner previously applied for a liquor license for the same location and that the application was denied. The attorney asked the court to take administrative notice of the file and order of denial for that license. Second, David Hecker, an objector, testified that he objected to the application, because the business proposal was inconsistent with the current status of the neighborhood and the application was identical in all material respects to the one that had previously been denied by the Omaha City Council and the Commission. Third, Billy Coburn, an objector, testified that "the nature of the community in the neighborhood . . . has changed over the last two years since prior clubs have existed at 1516 Jones." Coburn

- 938 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
RETROACTIVE, INC. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 298 Neb. 936

stated that issuance of the liquor license "will devalue the surrounding properties, affect the safety of the neighborhood, and the adjoining walls were not addressed for sound control." The two objectors who testified were not represented by counsel.

Procedural Background

Pursuant to Neb. Rev. Stat. § 53-131 (Cum. Supp. 2016), on October 1, 2015, Retroactive made an application for the Commission's issuance of a Class C liquor license for the location at 1516 Jones Street in Omaha. On November 3, the Omaha City Council held a hearing pursuant to Neb. Rev. Stat. § 53-134 (Cum. Supp. 2016) and passed a resolution to recommend denial of the application. On November 5, the Commission received a recommendation from the Omaha City Council to deny the application. On December 17, pursuant to Neb. Rev. Stat. § 53-133 (Cum. Supp. 2016), the Commission conducted a hearing on the application, and on January 8, 2016, the Commission entered an order denying the application.

On January 19, 2016, Retroactive filed a petition for review under the Administrative Procedure Act (APA) in the district court. In the petition, Retroactive argued that (1) the January 8 order was arbitrary and capricious, (2) the January 8 order was unsupported by evidence, and (3) the Commission's determination outlined in the January 8 order exceeds its statutory authority.

The City filed a motion to dismiss on February 24, 2016, arguing that the citizen objectors were "necessary parties" to the action and were not made a party to the petition for review under the APA. The district court filed an order on May 9, overruling the City's motion to dismiss. The court found that "[t]he plain language of § 53-1,115(4) limits its application to 'for purposes of this section.'" Therefore, the court found that "the citizen protesters who provided written protests and those who testified at the hearing before the Commission were not 'parties of record' as that term is defined by the APA."

- 939 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
RETROACTIVE, INC. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 298 Neb. 936

The district court filed an order on January 24, 2017, reversing the Commission's decision to deny the application. The district court remanded the matter to the Commission to issue a Class C liquor license. The Commission appeals. The City did not file a notice of appeal.

## ASSIGNMENTS OF ERROR

The Commission assigns, restated, that the district court erred in (1) failing to dismiss the petition on appeal for lack of subject matter jurisdiction, because Retroactive failed to name Hecker as a "necessary party" to its review under the APA, and (2) reversing the decision of the Commission to deny a Class C liquor license to Retroactive.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.[1]

## ANALYSIS

### Citizen Objectors as Parties of Record

We note that the Commission uses the terms "necessary party" and "party of record" interchangeably in its brief. We read the Commission's use of the term "necessary party" to mean "party of record" as that term is used in Neb. Rev. Stat. §§ 53-1,115 (Reissue 2010) and 84-917 (Reissue 2014). The Commission argues that the district court erred in failing to dismiss the petition on appeal for lack of subject matter jurisdiction due to the failure of Retroactive to name Hecker as a party on appeal according to §§ 53-1,115 and 84-917. Retroactive contends that the Nebraska Liquor Control Act's statutory definition of "party of record" in § 53-1,115 does not

---

[1] *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017).

- 940 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
RETROACTIVE, INC. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 298 Neb. 936

extend to the APA and that under *Shaffer v. Nebraska Dept. of Health & Human Servs.*,[2] the citizen objectors are not parties of record, because the citizen objectors were not treated as parties by the hearing officer at the hearing held before the Commission.

Both parties cite to *Shaffer*, in which this court determined that a Medicaid provider was a "party of record" at a Department of Health and Human Services hearing, and therefore a party of record pursuant to § 84-917(2)(a)(i) in the subsequent appeal to the district court. This court reasoned that the Medicaid provider was a "party of record" at the hearing, because the provider (1) was required by federal law to be a party to the hearing and (2) participated in the hearing and was treated as a party by the hearing officer. In determining whether the provider was treated as a party, this court stated that the provider "appeared at the fair hearing to explain and defend its decision."[3] In addition, the provider's "representatives presented evidence, cross-examined witnesses, entered into stipulations, and presented arguments" and "[a]t the beginning and conclusion of the hearing, the hearing officer referred to [the Medicaid recipient] and [the Medicaid provider] as the 'parties.'"[4] This court accordingly vacated the judgment, because "the failure to make [the Medicaid provider] a party to the appeal deprived the district court of jurisdiction."[5]

We recently decided *Kozal v. Nebraska Liquor Control Comm.*[6] In *Kozal*, issued subsequent to the district court's review of the Commission's decision in this case, we held that "the definition of 'party of record' in § 53-1,115(4) controls for

---

[2] *Shaffer v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 740, 857 N.W.2d 313 (2014).

[3] *Id.* at 751, 857 N.W.2d at 322.

[4] *Id.*

[5] *Id.* at 752, 857 N.W.2d at 323.

[6] *Kozal v. Nebraska Liquor Control Comm., supra* note 1.

purposes of the APA's requirement that '[a]ll parties of record shall be made parties to the proceedings for review' in a review of the Commission's proceedings."[7] Thus, this court concluded that "the definition in § 53-1,115(4) is the controlling definition of 'party of record' for purposes of APA review of the Commission's proceedings."[8]

This court then addressed the application of *Shaffer* and analyzed the underlying facts to determine whether "the citizen objectors in this case acted as and were treated as parties in the Commission's hearing on the retailers' license renewal applications."[9] We held that

> [b]ecause citizen objectors are defined by the Nebraska Liquor Control Act as "part[ies] of record" in the Commission's liquor license application proceedings and because the citizen objectors acted as and were treated as parties in the Commission's hearing, we conclude that they are "parties of record" for purposes of the APA.[10]

Ultimately, this court held that the failure to include the citizen objectors meant that the district court never acquired subject matter jurisdiction to review the Commission's order.[11]

In *Kozal*, prior to analyzing the application of *Shaffer* to the facts, we held that the definition of "party of record" under § 53-1,115(4) applied for purposes of the APA. We observe that contrary to our decision in *Kozal*, it is not necessary to also analyze the underlying facts to determine whether citizen objectors "acted as and were treated as parties."[12] *Shaffer* involved a Medicaid provider at a Department of Health and Human Services hearing and is inapplicable to the current facts.

---

[7] *Id.* at 948, 902 N.W.2d at 155.

[8] *Id.* at 948, 902 N.W.2d at 156.

[9] *Id.* at 952, 902 N.W.2d at 158.

[10] *Id.* at 953-54, 902 N.W.2d at 158-59.

[11] *Id.*

[12] *Id*. at 953, 902 N.W.2d at 158.

- 942 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
298 NEBRASKA REPORTS
RETROACTIVE, INC. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 298 Neb. 936

We define "parties of record" solely based on statute, not on the factual examination conducted in *Shaffer*. To the extent that *Kozal* suggested that citizen objectors in a proceeding before the Commission must do things such as submit pretrial witness and exhibit lists, file and respond to prehearing motions, call witnesses at the hearing, make stipulations, object to evidence, and examine and cross-examine witnesses in order for a court to have subject matter jurisdiction, such was dicta that we decline to extend to this case.[13]

In the case before us, § 53-133(1)(b) requires that the Commission receive "objections in writing." Nine objectors filed citizen protests against the application. At the start of the hearing before the Commission, all nine forms submitted by the citizen objectors, including the objection submitted by Hecker, were offered and accepted into evidence.

The forms upon which the citizen objectors filed their protests against the application state that "[i]f after hearing the license is approved costs for the hearing will be assessed against the protestants." The statutory authority for this provision, § 53-1,115(3), states in pertinent part that "[u]pon final disposition of any proceeding, costs shall be paid by the party or parties against whom a final decision is rendered." As a result, all of the citizen objectors who submitted such forms have incurred a monetary risk by being invested in the outcome of the case.

Furthermore, the forms also require the citizen objectors to state their names and addresses. The citizen objectors sign the form, affirming that the information they have provided is available to the public.

The Commission argues on appeal that Hecker filed a citizen protest as an "individual protesting the issuance" of a liquor license through "objections in writing."[14] We agree and conclude that Hecker is a "party of record" under § 53-1,115(4).

---

[13] See *id.*

[14] Brief for appellant at 9-10. See § 53-133(1)(b).

We hold that Retroactive's failure to name Hecker precluded the district court from acquiring subject matter jurisdiction review of the Commission's order.

The Commission's first assignment of error has merit.

### District Court's Reversal
### of Commission's Final
### Determination

Because we find that Hecker was a "party of record" under the APA and that the district court did not have subject matter jurisdiction, we need not address the Commission's second assignment of error.

## CONCLUSION

Retroactive failed to include all parties of record in the Commission proceeding when it sought review in the district court. The district court never acquired subject matter jurisdiction. The district court's order reversing the Commission's decision is vacated, and the cause is remanded with directions to dismiss.

VACATED AND DISMISSED.

WRIGHT, J., not participating.