Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/10/2020 04:10 PM CDT

Candyland, LLC, a Nebraska limited liability
company, doing business as "Kandi's," appellant,
v. Nebraska Liquor Control Commission,
an agency of the State of Nebraska,
et al., appellees,

\_\_\_ N.W.2d \_\_\_

Filed June 19, 2020.   No. S-19-535.

1.  **Judgments: Jurisdiction: Appeal and Error.** Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.
2.  **Administrative Law: Liquor Licenses: Parties: Words and Phrases: Appeal and Error.** Under the Nebraska Liquor Control Act, the definition of "party of record" in Neb. Rev. Stat. § 53-1,115(4) (Cum. Supp. 2018) controls for purposes of the Administrative Procedure Act's requirement that all parties of record shall be made parties to the proceedings for review in a review of the Nebraska Liquor Control Commission's proceedings.
3.  **Administrative Law: Jurisdiction: Appeal and Error.** For a district court to acquire jurisdiction to review a final decision of an administrative agency under the Administrative Procedure Act, the appellant must file the petition and serve summons.
4.  **Administrative Law: Service of Process: Time.** Service on nongovernmental entities under Neb. Rev. Stat. § 84-917(2)(a)(i) (Reissue 2014) is required within 30 days of the filing of the petition.

Appeal from the District Court for Lancaster County: Jodi L. Nelson, Judge. Appeal dismissed.

Kyle J. McGinn and William F. McGinn, of McGinn, Springer & Noethe, P.L.C., for appellant.

- 170 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

Douglas J. Peterson, Attorney General, Milissa Johnson-Wiles, and James Smith, Solicitor General, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Per Curiam.

## NATURE OF CASE

Candyland, LLC, applied to the Nebraska Liquor Control Commission (Commission) for a retail Class C liquor license. After the Omaha City Council recommended denial and hundreds of "Protestants, Citizen Objectors, and Interested Parties" appeared in person or by writing before the Commission, the Commission denied Candyland's application. Candyland attempted to appeal the order of the Commission to the district court for Lancaster County under the Administrative Procedure Act (APA). Candyland did not believe that the citizen objectors were necessary parties and did not serve summons on the citizen objectors. Subsequently, the district court found that Candyland had not served "[a]ll parties of record" as required by Neb. Rev. Stat. § 84-917(2)(a)(i) (Reissue 2014) of the APA and dismissed the petition for review for lack of subject matter jurisdiction. Candyland filed a motion for a new trial, which was denied. Candyland appeals the district court's orders in which it dismissed the petition and denied the motion for new trial. We conclude the district court did not err. The district court lacked subject matter jurisdiction under the APA, and likewise, we lack jurisdiction. Accordingly, we dismiss this appeal.

## STATEMENT OF FACTS

On June 18, 2018, Candyland applied to the Commission for a retail Class C liquor license for a business on Blondo Street in Omaha, Douglas County, Nebraska. In July, the Omaha City Council conducted a hearing on Candyland's application and approved a resolution that recommended it be denied. The case proceeded to the Commission, which held a hearing

- 171 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

on the application on October 10. Hundreds of "Protestants, Citizen Objectors, and Interested Parties" appeared in person or by writing for the Commission hearing. On October 29, the Commission denied Candyland's application.

On November 15, 2018, pursuant to the APA, Candyland filed a petition on appeal in the district court for Lancaster County. The petition named as respondents the Commission, the City of Omaha, and the hundreds of "Protestants, Citizen Objectors, and Interested Parties." On the same day, Candyland filed a "Motion for Service by Publication on Respondent Protestants and Citizen Objectors." Candyland served summons on the Commission and the City of Omaha.

On December 14, 2018, the district court held a hearing on Candyland's motion for service by publication. The district court overruled the motion, evidently indicating that citizen objectors were not necessary parties to the case.

On May 3, 2019, the district court dismissed Candyland's petition for lack of subject matter jurisdiction. It found that Candyland had failed to obtain service of summons on the citizen objectors, without which there could be no jurisdiction. The court rejected Candyland's argument that the volume of citizen objectors would have made individual service onerous. The court noted that it was undisputed that none of the individuals had been served but acknowledged in a footnote that it had previously erred when it had observed that the citizen objectors were not necessary parties.

Candyland appeals.

ASSIGNMENTS OF ERROR

In its appeal from the district court, Candyland assigns, summarized and restated, that the district court erred when it (1) denied Candyland's motion for service by publication and dismissed its petition for failure to obtain service; (2) concluded that citizen objectors were parties of record and necessary to vest subject matter jurisdiction; and (3) required Candyland to serve citizen objectors, thereby denying

- 172 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

Candyland access to courts, in violation of Neb. Const. art. I, § 13. For purposes of our analysis, we consider Candyland's assignments of error in reverse order.

## STANDARDS OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court. *Retroactive, Inc. v. Nebraska Liquor Control Comm.*, 298 Neb. 936, 906 N.W.2d 328 (2018).

## ANALYSIS

In this case, the district court determined that it lacked subject matter jurisdiction because Candyland had not served citizen objectors. The district court dismissed the petition. As explained below, we agree with the district court's ruling. Where the district court lacked subject matter jurisdiction, we likewise lack jurisdiction and dismiss Candyland's appeal. See *In re Estate of Evertson*, 295 Neb. 301, 889 N.W.2d 73 (2016).

*Candyland Did Not Preserve Its Constitutional Challenge to § 25-508.01.*

In the September 19, 2019, order by which this case was moved to this court's docket, we noted that the constitutional issue raised by Candyland's third assignment of error, regarding Neb. Rev. Stat. § 25-508.01 (Reissue 2016), had not been preserved. Accordingly, as we previously concluded, we do not consider Candyland's constitutional challenge.

*Citizen Objectors Are Parties of Record Who Should Be Served.*

[2] Candyland contends that citizen objectors were not parties necessary to confer jurisdiction on the district court. We reject this argument. "Parties of record" who must be served under the APA is defined solely based on statute. See, § 84-917(2)(a)(i); *Retroactive, Inc. v. Nebraska Liquor Control Comm., supra*; *Kozal v. Nebraska Liquor Control Comm.,* 297 Neb. 938, 902 N.W.2d 147 (2017). Recently, we held

- 173 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

that under the Nebraska Liquor Control Act, "the definition of 'party of record' in § 53-1,115(4) controls for purposes of the APA's requirement that '[a]ll parties of record shall be made parties to the proceedings for review' in a review of the Commission's proceedings." *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. at 948, 902 N.W.2d at 155. It follows that the definition provided by the Nebraska Liquor Control Act in Neb. Rev. Stat. § 53-1,115(4) (Cum. Supp. 2018) "is the controlling definition of 'party of record' for purposes of APA review of the Commission's proceedings." *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. at 948, 902 N.W.2d at 155-56. Accord *Retroactive, Inc. v. Nebraska Liquor Control Comm., supra.*

Turning to the statutory definition, § 53-1,115(4) provides:

For purposes of this section, party of record means:

(a) In the case of an administrative proceeding before the commission on the application for a retail, bottle club, craft brewery, or microdistillery license:

(i) The applicant;

(ii) Each individual protesting the issuance of such license pursuant to subdivision (1)(b) of section 53-133;

(iii) The local governing body if it is entering an appearance to protest the issuance of the license or if it is requesting a hearing pursuant to subdivision (1)(c) of section 53-133; and

(iv) The commission.

There is no dispute that some number of individuals protested the issuance of the license to Candyland. The district court did not err when it concluded that for purposes of § 84-917(2)(a)(i), protestants or citizen objectors were parties of record. See § 53-1,115(4).

*Dismissal for Failure to Serve Citizen Objectors Was Not Error.*

[3] It is well settled that for a district court to acquire jurisdiction to review a final decision of an administrative agency under the APA, the appellant must file the petition and serve

- 174 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

summons. See, *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017); *Northern States Beef v. Stennis*, 2 Neb. App. 340, 509 N.W.2d 656 (1993).

In its December 2018 order, the district court denied Candyland's motion to serve citizen objectors by publication, but according to the court's later order of May 3, 2019, it recognized that it had erroneously believed in December 2018 that the citizen objectors were not "necessary parties." To the extent that the district court had dismissed the citizen objectors in December and thereby purportedly acquired jurisdiction by virtue of a timely filed petition and service on the Commission and the City of Omaha, such order was a nullity. A court cannot create or confer jurisdiction in itself. See *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018), *cert. denied* ___ U.S. ___, 139 S. Ct. 2716, 204 L. Ed. 2d 1114 (2019). Further, even if service by publication could be appropriate, about which we make no comment, the motion was not accompanied by a showing by affidavit required by Neb. Rev. Stat. § 25-517.02 (Reissue 2016), and therefore the motion for service by publication was properly denied.

With respect to proper service on the citizen objectors, there has been considerable discussion in this appeal regarding the time during which Candyland was required to serve the citizen objectors. In their appellate briefs, the parties asserted that Candyland was required to serve the citizen objectors within 30 days of filing the petition. However, at oral argument, the Commission asserted that Candyland had 180 days to serve the citizen objectors, in accordance with Neb. Rev. Stat. § 25-217 (Reissue 2016). This assertion caused this court to order supplemental briefing, the result of which was that the Commission asserted service was required in 180 days, the City of Omaha asserted 30 days, and Candyland asserted 180 days.

The time by which Candyland was required to serve the citizen objectors is controlled by the APA. Section 84-917(2)(a)(i) of the APA provides as follows:

- 175 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
306 NEBRASKA REPORTS
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

Proceedings for review shall be instituted by filing a peti-tion in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral fact-finding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record. *Summons shall be served within thirty days of the fil-ing of the petition in the manner provided for service of a summons in section 25-510.02.* If the agency whose decision is appealed from is not a party of record, the petitioner shall serve a copy of the petition and a request for preparation of the official record upon the agency within thirty days of the filing of the petition. The court, in its discretion, may permit other interested persons to intervene.

(Emphasis supplied.) Neb. Rev. Stat. § 25-510.02 (Reissue 2016), to which reference is made in § 84-917(2)(a)(i), per-tains to the manner of service on governmental entities. The citizen objectors, of course, are nongovernmental entities.

Section 84-917(2)(a)(i) has undergone numerous revisions and amendments and has received considerable treatment in appellate cases, each of which has tried to make sense of the statute as it existed at the time of its application to the case under review. See, e.g., *Leach v. Dept. of Motor Vehicles*, 213 Neb. 103, 327 N.W.2d 615 (1982) (approving 180 days); *Northern States Beef v. Stennis*, 2 Neb. App. 340, 509 N.W.2d 656 (1993) (approving 30 days and rejecting 180 days).

The Tax Equalization and Review Commission appeal statutes are modeled after the APA. Neb. Rev. Stat. § 77-5019(2)(a) (Reissue 2018) contains language roughly equivalent to § 84-917(2)(a)(i). In *Cargill Meat Solutions v. Colfax Cty. Bd. of Equal.*, 281 Neb. 93, 97, 798 N.W.2d 823, 826 (2011), we stated that § 25-510.02 "provides the man-ner for serving the state or political subdivision. Obviously,

- 176 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
306 NEBRASKA REPORTS
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

[the plaintiff], a private corporation, is not an entity covered by § 25-510.02. [The plaintiff] cannot possibly be served in accordance with § 77-5019(2)(a), so it cannot apply." In *Cargill Meat Solutions*, because the county board filed its notice of appeal with the Nebraska Court of Appeals rather than with the Tax Equalization and Review Commission, appellate jurisdiction was never conferred under either party's theory of the applicable statutes and the 30-day issue—and manner of service issue—was not resolved. Nevertheless, the *Cargill Meat Solutions* opinion concludes as follows:

Summing up, one thing has become abundantly clear—the Legislature has inadvertently created a procedural minefield. Section 77-5019(2)(a) does not make sense. The statute states '[s]ummons shall be served *on all parties* . . . in the manner provided for service of a summons in section 25-510.02.' As mentioned, § 25-510.02 governs service of process on a state or political subdivision. But not all parties to a [Tax Equalization and Review Commission] hearing or a subsequent appeal are political subdivisions. It defies the language of § 25-510.02 to require a county board of equalization to serve a private party, such as [the plaintiff], as if it were a political subdivision. In effect, the current version of § 77-5019(2)(a) leads to two different means for perfecting an appeal based upon the [party's] status. We can think of no sensible reason for doing this.

As [the plaintiff] points out in its brief, the previous version of § 77-5019(2)(a) required that summons be served "in the manner provided for service of a summons in a civil action." This language was workable. It provided the flexibility to allow a corporation to be served as a corporation, [Neb. Rev. Stat. § 25-509.01 (Reissue 2016),] an individual to be served as an individual, [§ 25-508.01,] and a political subdivision to be served as a political subdivision[, § 25-510.02]. Stating

- 177 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

the obvious, the Legislature needs to correct this proce-
dural trap.

281 Neb. at 98, 798 N.W.2d at 826.

[4] Failing clarity by the Legislature, we believe that serv-
ice on nongovernmental entities under § 84-917(2)(a)(i) is
required "within thirty days of the filing of the petition." With
respect to the 30-day provision, we agree with the reasoning of
*Northern States Beef v. Stennis*, which stated:

We find that the plain meaning of the statute requires
that summons be served within 30 days of the filing
of the petition in order to perfect an appeal under the
[APA]. We conclude that the Legislature intended that
service be effected in 30 days and not 6 months as pro-
vided in § 25-217.

If the service of a summons within 30 days is not
jurisdictional, then 30-day service of summons has no
reason for being included in § 84-917(2)(a). We therefore
hold that in order to perfect an appeal under the [APA],
the party instituting the proceedings for review must file
a petition in the district court for the county where the
action is taken within 30 days after the service of the
final decision by the agency, and cause summons to be
served within 30 days of the filing of the petition.

2 Neb. App. at 340, 345-46, 509 N.W.2d at 659. Although the
statute considered in *Northern States Beef v. Stennis, supra*,
has since been amended with respect to the manner of service,
the 30-day requirement has remained in the statute throughout
subsequent revisions, including the version applicable to this
case, which we have quoted above. See, also, § 84-917(2)(a)
(Cum. Supp. 1992) (providing that summons "shall be served
within thirty days of the filing of the petition in the manner
provided for service of a summons in a civil action").

In this case, it was undisputed that Candyland did not serve
the citizen objectors within 30 days of filing the petition. The
district court lacked jurisdiction. The district court's decision
to dismiss the petition for review was correct.

- 178 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
CANDYLAND, LLC v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 306 Neb. 169

## CONCLUSION

Candyland failed to seek district court review in the mode and manner provided by the statute. By failing to serve the summons and a copy of the petition on the citizen objectors within 30 days, it failed to timely petition for review. The district court lacked subject matter jurisdiction under the APA. We likewise lack subject matter jurisdiction, and we dismiss Candyland's appeal for lack of jurisdiction.

Appeal dismissed.

Funke, J., participating on briefs.

Miller-Lerman, J., concurring.

I concur in the opinion of the court but write separately to remark on a too frequent undesirable trend in the process.

This is one of a number of recent cases in which the State, appearing here for the Commission, introduced a new theory for the first time at appellate oral argument. See, e.g., *State v. Vann, ante* p. 91, ___ N.W.2d ___ (2020) (Miller-Lerman, J., concurring). Ordinarily, an appellate court will not consider an argument made for the first time on appeal. *State v. Kruse*, 303 Neb. 799, 931 N.W.2d 148 (2019); *Siedlik v. Nissen*, 303 Neb. 784, 931 N.W.2d 439 (2019). However, we have recognized that a jurisdictional argument can be tendered for the first time on appeal. *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). At oral argument, the Commission asserted that Candyland had 180 days rather than 30 days to serve the nongovernmental parties. Thus, the case required supplemental briefing, after which the Commission asserted service was required in 180 days, the City of Omaha asserted 30 days, and Candyland asserted 180 days.

In my view, it is more respectful of the adversarial and judicial process to raise a critical issue at the first opportunity and throughout the proceedings, rather than at the last appearance of the case.