677 N.W.2d 521 (2004)
12 Neb.App. 499
James WIDTFELDT and James Widtfeldt Trust, appellants,
v.
HOLT COUNTY BOARD OF EQUALIZATION, appellee.
No. A-04-068.
Court of Appeals of Nebraska.
April 13, 2004.
*522 James Widtfeldt, pro se.
No appearance for appellee.
IRWIN, Chief Judge, and SIEVERS and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
In McLaughlin v. Jefferson Cty. Bd. of Equal., 5 Neb.App. 781, 567 N.W.2d 794 (1997), we provided an opinion explaining a summary dismissal because we had not previously had occasion to discuss how subject matter jurisdiction from the Nebraska Tax Equalization and Review Commission (Commission) to this court is perfected. As we explained in McLaughlin, our practice is to closely examine all cases in their initial stages to ensure that jurisdiction has been properly conferred and to quickly terminate appeals where we lack jurisdiction because of procedural defects. Because this case presents the jurisdictional defect arising in a different way from that explained in McLaughlin, we again believe that an opinion explaining our decision would be helpful.

PROCEDURAL BACKGROUND
James Widtfeldt has filed a petition with this court for review of two orders of the Commission.
The record shows property valuation protests filed by Widtfeldt regarding 26 separate tracts of land for tax year 2002. Widtfeldt filed these protests either individually or individually and on behalf of "James Widtfeldt Trust." All 26 tracts were located in Holt County, Nebraska. The Holt County Board of Equalization (Board) denied each protest. Widtfeldt then filed separate appeals with the Commission, challenging the decisions of the Board. The Commission docketed those appeals as cases Nos. 02A-114 through 02A-139, inclusive. The Commission served notices in lieu of summonses to the Board on September 4, 2002, and the Board filed timely answers on September 25. On November 17, 2003, the Commission ordered the 26 appeals consolidated for hearing and set the hearing for December 17. On December 17, no one appeared on behalf of either Widtfeldt or "James Widtfeldt Trust" and the Commission filed its written decision dismissing each appeal with prejudice and determining the final valuations for each tract for tax year 2002 as previously determined by the Board. On December 22, Widtfeldt filed a motion for rehearing, which the Commission denied in its order dated December 23, 2003.
Similarly, Widtfeldt filed protests with the Board regarding tax year 2003 valuations on 29 tracts of land in Holt County. The Board denied each protest. Widtfeldt then filed appeals with the Commission to challenge the Board's denials. The Commission docketed those appeals before the Commission as cases Nos. 03A-43 through 03A-65, inclusive, and 03R-298 through 03R-303, inclusive. The "A" cases apparently concern agricultural real estate, while the "R" cases pertain to residential real estate. By orders entered on November 13, 2003, the Commission ordered consolidation of the agricultural cases and consolidation of the residential cases. The record further shows that the Commission scheduled a hearing on the residential cases for February 17, 2004, at 10 a.m. and scheduled a hearing on the agricultural cases for the same date at 2 p.m. After *523 the Commission was notified of the present petition for review filed with this court, the Commission, by orders entered January 23, 2004, continued the hearings on the tax year 2003 appeals, pending determination of the petition for review.
Widtfeldt's petition filed with this court attacks the Commission's orders consolidating the tax year 2002 cases, consolidating the tax year 2003 agricultural cases, and consolidating the tax year 2003 residential cases. The petition for review further criticizes the Commission's final order regarding tax year 2002 cases, asserting inadequate notice of hearing. The petition for review does not identify the parties in the body of the petition. The caption of the petition for review identifies the appellant as "James Widtfeldt" and identifies the "Nebraska Tax Equalization and Review Commission" as the sole appellee.
At the time of the filing of the petition for review on January 15, 2004, Widtfeldt requested the issuance of a summons to the Attorney General on behalf of the Commission. Our clerk issued a summons to the Attorney General on January 16. A copy of the summons with a certified mail return receipt showing service by the Attorney General's office on January 21 also appears in our file.
This court issued an order to show cause on February 3, 2004, directing Widtfeldt to show cause why the appeal should not be dismissed for lack of jurisdiction, because service was made on the Attorney General rather than upon the Commission. Widtfeldt submitted a timely response, asserting that he properly served the Commission by service upon the Attorney General. However, the Board was not identified as a party in Widtfeldt's petition for review, nor was any summons issued or served upon the Board in this review proceeding. Pursuant to the Tax Equalization and Review Commission Act, Neb.Rev.Stat. § 77-5001 et seq. (Reissue 2003), we consider the jurisdictional question presented by Widtfeldt's failure to identify the Board as a party and failure to cause summons to be served upon the Board.

ANALYSIS
As we observed in McLaughlin v. Jefferson Cty. Bd. of Equal., 5 Neb.App. 781, 567 N.W.2d 794 (1997), the Legislature modeled § 77-5019, which provides for judicial review in this court of final decisions of the Commission, upon the Administrative Procedure Act. Section 77-5019(2)(a) provides in part:
All parties of record shall be made parties to the proceedings for review. The [C]ommission shall only be made a party of record if the action complained of is an order issued by the [C]ommission pursuant to [Neb.Rev.Stat. § ] 77-1504.01 [(Reissue 2003)] or [§ ] 77-5023. Summons shall be served on all parties within thirty days after the filing of the petition in the manner provided for service of a summons in [Neb.Rev.Stat. § ] 25-510.02 [(Reissue 1995)]. If the [C]ommission is not a party of record, the petitioner shall serve a copy of the petition and a request for preparation of the official record upon the [C]ommission within thirty days after the filing of the petition.
Section 77-5019(2)(b) sets forth the required content of a petition for review, including "the identification of the parties in the case that led to the final decision."
We recall that generally, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. Back Acres Pure Trust v. Fahnlander, 233 Neb. 28, 443 N.W.2d 604 (1989). We need not determine whether the proper petitioning party *524 has been joined in this case regarding those proceedings in which the party appealing was identified as "James Widtfeldt Trust," because the jurisdictional defect regarding other parties renders such determination moot. We also observe that here, unlike the situation in Back Acres Pure Trust, Widtfeldt is an attorney admitted to the bar of this state such that he could properly represent the interests of others if properly named.
Although it was not clear at the time of the issuance of our order to show cause, we now observe two jurisdictional problems concerning Widtfeldt's petition for review. Regarding the tax year 2003 cases, Widtfeldt seeks review of orders which are not final. Section 77-5019(1) limits our review to the Commission's "final decision." Clearly, the Commission has not entered a final decision regarding disposition of the appeals concerning tax year 2003. The premature attempt to petition for review the tax year 2003 proceedings must be dismissed.
Regarding the proceedings concerning tax year 2002, Widtfeldt's petition fails to name the Board as a party and Widtfeldt failed to have summons served upon the Board within 30 days after the filing of the petition. We recall that the character of a pleading is determined by its content, not by its caption. Lee Sapp Leasing v. Ciao Caffe & Espresso, Inc., 10 Neb.App. 948, 640 N.W.2d 677 (2002). Thus, the mere fact that the caption of Widtfeldt's petition names the Commission as the sole appellee does not control. However, the body of Widtfeldt's petition similarly fails to name or otherwise identify any party, thus violating the statutory mandate of § 77-5019(2)(b) regarding content of the petition.
In certain circumstances, § 77-5019(2)(a) authorizes the Commission to be made a party of record. This only applies where "the action complained of is an order issued by the [C]ommission pursuant to [§ ] 77-1504.01 or [§ ] 77-5023." Neb. Rev.Stat. § 77-1504.01 (Reissue 2003) concerns petitions to the Commission by a county board of equalization to consider an adjustment to a class or subclass of real property within the county. Similarly, § 77-5023 empowers the Commission to effect percentage increases or decreases to classes or subclasses of affected real estate in the identified county. See Boone Cty. Bd. v. Nebraska Tax Equal. & Rev. Comm., 9 Neb.App. 298, 611 N.W.2d 119 (2000) (discussing distinction between §§ 77-5023 and 77-1504.01). For our purposes, we need only determine that none of Widtfeldt's proceedings arise under either of these statutes. Thus, Widtfeldt's petition improperly names the Commission as the sole party.
We agree that if the Commission were properly named as a party in this court, the Commission would be properly served by the issuance of a summons to the Attorney General. See Neb.Rev.Stat. § 25-510.02(1) (Reissue 1995) (service of "State of Nebraska, any state agency as defined in [Neb.Rev.Stat. § ] 81-8,210 [(Reissue 2003)], and any employee of the state as defined in [§ ] 81-8,210 sued in an official capacity" is made upon Attorney General). However, § 25-510.02(2) requires service of a county, city, or village upon the chief executive officer or clerk. Section 25-510.02(3) requires service of other political subdivisions, as defined by Neb.Rev.Stat. § 13-903 (Cum.Supp.2002), upon the subdivision's chief executive officer, clerk, secretary, or other official whose duty it is to maintain the official records; upon any member of the governing board or body; or by certified mail to the principal office of the political subdivision. We need not determine whether a county board of equalization falls under § 25-510.02(2) or *525 (3). Neither subsection authorizes service upon the Attorney General.
Widtfeldt's petition for review fails to name the Board as a party, and Widtfeldt failed to accomplish service of summons upon the Board within 30 days after filing the petition for review. Section 77-5019(2)(a) requires the filing of the petition for review within 30 days after the final, appealable order is entered by the Commission. That time has expired. It is no longer possible for Widtfeldt to file a complying petition for review naming the Board as the proper party. Further, § 77-5019(2)(a) requires service of summons within 30 days after the filing of the petition, and the petition in the instant case was filed on January 15, 2004. In McLaughlin v. Jefferson Cty. Bd. of Equal., 5 Neb.App. 781, 567 N.W.2d 794 (1997), we held that service of summons within 30 days of the filing of the petition for review is necessary to confer subject matter jurisdiction upon this court. It is no longer possible for Widtfeldt to accomplish timely service of a summons upon the Board. Consequently, this court lacks subject matter jurisdiction to consider Widtfeldt's issues regarding the tax year 2002 protests.

CONCLUSION
This court lacks subject matter jurisdiction over the tax year 2002 issues because Widtfeldt failed to have summons timely served upon the Board. We lack jurisdiction of the tax year 2003 issues because of the absence of a final order. We therefore dismiss Widtfeldt's petition for review.
APPEAL DISMISSED.