Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/18/2022 09:06 AM CST

- 341 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

Mid America Agri Products/Wheatland
Industries LLC, appellant, v.
Perkins County Board of
Equalization, appellee.
___ N.W.2d ___

Filed August 26, 2022.    No. S-21-944.

1. **Taxation: Judgments: Appeal and Error.** Appellate courts review decisions rendered by the Tax Equalization and Review Commission for errors appearing on the record.

2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Taxation: Appeal and Error.** Questions of law arising during appellate review of the Tax Equalization and Review Commission's decisions are reviewed de novo on the record.

4. **Statutes.** Statutory interpretation presents a question of law.

5. **Administrative Law: Statutes.** Agency regulations properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law.

6. **Taxation: Property: Valuation: Statutes: Time: Dismissal and Nonsuit.** When a protest of property valuation is not timely filed on or before June 30 as required under Neb. Rev. Stat. § 77-1502(1) (Reissue 2018), the county board of equalization lacks statutory authority to review and decide the merits of the protest, and it does not have statutory authority to do anything other than dismiss the protest.

7. **Courts: Words and Phrases.** A court generally does not read the use of the terms "must" and "shall" as permissive rather than mandatory.

8. **Taxation: Property: Valuation: Time: Appeal and Error.** When a county board of equalization lacks authority to review and decide a protest of property valuation on the merits because the protest was not

- 342 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

timely filed, the Tax Equalization and Review Commission likewise lacks authority to review the merits of the protest.

Appeal from the Tax Equalization and Review Commission. Affirmed.

Frederick D. Stehlik and Zachary W. Lutz-Priefert, of Gross, Welch, Marks & Clare, P.C., L.L.O., for appellant.

Timothy L. Moll, of Rembolt Ludtke, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The Perkins County Board of Equalization (the Board) dismissed the 2021 property valuation protest of Mid America Agri Products/Wheatland Industries LLC (Wheatland) because it was not timely filed. The Tax Equalization and Review Commission (TERC) affirmed the dismissal. Wheatland appeals. Wheatland argues that the statutory deadline for filing a protest may be waived by a board of equalization and that the Board waived the deadline in this case because it allegedly accepted the protest and heard argument on the merits of the protest. We affirm TERC's order which affirmed the dismissal.

## STATEMENT OF FACTS

Wheatland owns a parcel of real estate in Perkins County. The Perkins County assessor changed the valuation of the property for the 2018 tax year and again for the 2019 tax year, and each of these years the assessor sent Wheatland a notice of valuation change. Wheatland filed timely protests to the valuations for both 2018 and 2019. The valuation for the 2019 tax year was $13,385,246.

For the 2020 tax year, the assessor did not change the valuation of the property and therefore did not send Wheatland a

- 343 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

notice of valuation change. However, Wheatland filed a timely protest to the 2020 valuation. The Board denied Wheatland's protests for the 2018, 2019, and 2020 tax years. Wheatland appealed the denials to TERC, and those appeals were still pending at the time of the dismissal of the 2021 protest at issue in this appeal.

For the 2021 tax year, the assessor again maintained the valuation of Wheatland's property from 2019 and 2020. The assessor therefore did not send a notice of valuation change. On July 1, 2021, Wheatland's attorney hand delivered a property valuation protest form to the Perkins County clerk. The clerk received the protest on that date, but on July 2, the clerk sent a letter to Wheatland informing it that it had missed the June 30 deadline to file a protest and that therefore, the protest would not be heard by the Board. The Board maintains that the 2021 protest was automatically dismissed by operation of law.

Notwithstanding the clerk's letter, Wheatland's attorney attended the July 19, 2021, meeting of the Board. Wheatland asserts that despite claiming that its protest was not timely, the Board discussed Wheatland's protest of the 2021 valuation at the July 19 meeting. To the contrary, the Board asserts that it did not discuss the 2021 valuation, but, instead, that it discussed a TERC hearing that had been held on July 12 concerning Wheatland's appeals of the 2018, 2019, and 2020 valuations.

Wheatland appealed to TERC and claimed that the assessor's failure to give notice prevented Wheatland from timely filing its protest. TERC thereafter entered an order to show cause and notice of hearing in which it ordered that a "hearing must be held to determine whether [TERC] has jurisdiction over this matter." TERC set a hearing date and stated that the hearing would only address the jurisdictional issue and that a separate hearing on the valuation of the property would be scheduled at a later date if TERC determined it had jurisdiction.

- 344 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

After the hearing, TERC filed an "Order for Dismissal" on October 27, 2021. TERC began its analysis by citing Neb. Rev. Stat. § 77-5013(1) (Reissue 2018), which provides the requirements for TERC to obtain exclusive jurisdiction over an appeal. TERC further stated it could not "acquire jurisdiction over an issue if the body from which the appeal is taken had no jurisdiction of the subject matter."

Turning to the timeliness of Wheatland's protest, TERC rejected Wheatland's contention to the effect that it could not timely file its protest because the assessor failed to provide notice of the 2021 valuation. TERC stated that the assessor was not required to send Wheatland a notice for the tax year 2021 because the assessed valuation of Wheatland's property was not changed from the prior year. See Neb. Rev. Stat. § 77-1315(2) (Reissue 2018).

TERC stated that a statutory remedy existed to challenge a property's assessment, and it cited Neb. Rev. Stat. § 77-1502(1) (Reissue 2018), which provides that "[p]rotests regarding real property shall be signed and filed . . . on or before June 30." TERC also noted 350 Neb. Admin. Code, ch. 10, § 003.03A (2014), which provides in part that "[i]f the protest is not timely filed, it will automatically be dismissed."

In its order, TERC stated that Wheatland did not file its protest on or before June 30, 2021, and that Wheatland did not dispute that its filing on July 1 was late. TERC noted that Wheatland nevertheless argued that the Board "waived any issues concerning the timeliness of the protest by 'accepting' the protest." Wheatland asserted that the Board accepted the protest when the clerk received the protest that its attorney had hand delivered on July 1 and told the attorney the date that the Board would hold a hearing on protests. Wheatland also asserted that the Board discussed Wheatland's protest at the July 19 hearing. TERC noted in its order that witnesses disagreed as to whether Wheatland's protest of the 2021 valuation was discussed at the Board's hearing and that two members of the Board attested they had discussed Wheatland's appeals

- 345 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

of the 2018, 2019, and 2020 valuations but had not discussed the 2021 valuation. TERC stated that a preponderance of the evidence did not support a finding that the Board had considered Wheatland's protest of the 2021 valuation. But TERC determined that whether or not the Board had considered the protest, TERC consistently applied the rule that subject matter jurisdiction may not be created by waiver, estoppel, consent, or conduct of the parties. TERC further stated that equitable estoppel was not normally applied in administrative proceedings, that TERC did not have equitable power, and that even if it had equitable power, the statutes regarding protests provided an adequate remedy at law.

In its order, TERC concluded that the Board correctly dismissed Wheatland's protest because the protest was not timely filed. TERC cited *Village at North Platte v. Lincoln Cty. Bd. of Equal.*, 292 Neb. 533, 873 N.W.2d 201 (2016), for the proposition that when a statute requires a county board of equalization to dismiss a protest, the county board does not have authority to do anything except dismiss the protest. TERC further stated that "[w]hen a county board correctly dismisses a protest because it lacked statutory authority to hear the protest on the merits, [TERC] should decline to reach the merits of the appeal and affirm the dismissal of the county board." TERC therefore affirmed the Board's dismissal of the protest and dismissed Wheatland's appeal with prejudice.

Wheatland appeals TERC's order.

ASSIGNMENT OF ERROR

Wheatland claims, restated, that TERC erred when it affirmed the Board's dismissal of Wheatland's protest because the 2021 protest had not been timely filed.

STANDARDS OF REVIEW

[1,2] Appellate courts review decisions rendered by TERC for errors appearing on the record. *Betty L. Green Living Trust v. Morrill Cty. Bd. of Equal.*, 299 Neb. 933, 911 N.W.2d 551

- 346 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

(2018). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

[3,4] Questions of law arising during appellate review of TERC's decisions are reviewed de novo on the record. *Id*. Statutory interpretation presents a question of law. *County of Webster v. Nebraska Tax Equal. & Rev. Comm.*, 296 Neb. 751, 896 N.W.2d 887 (2017).

ANALYSIS

Wheatland claims that TERC erred when it affirmed the Board's dismissal of Wheatland's protest because the filing of the protest was late. Wheatland argues that its filing of the protest on July 1, 2021, did not deprive the Board of authority to consider the protest because the June 30 deadline set forth in § 77-1502(1) is merely "an administrative timeline which an administrative agency has the ability to waive." Brief for appellant at 9. Wheatland further argues that the Board waived the June 30 requirement, because it accepted the protest and heard argument on the protest, and that therefore, TERC had jurisdiction to review the valuation on its merits. We disagree with Wheatland's contention that the June 30 requirement may be waived, and we conclude that because the Board did not err when it dismissed the protest, TERC did not err when it affirmed the dismissal.

In its order, TERC relied largely on *Village at North Platte v. Lincoln Cty. Bd. of Equal.*, 292 Neb. 533, 873 N.W.2d 201 (2016). In *Village at North Platte*, the taxpayer filed a protest that did not meet a requirement of § 77-1502(2) because it did not include "a statement of the reason or reasons why the requested change [in valuation] should be made." We noted that § 77-1502(2) provided that if a protest failed to "contain or have attached the statement of the reason or reasons for the protest . . . the protest shall be dismissed by the county board of equalization." We determined in *Village at North Platte*

- 347 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

that because the taxpayer failed to include a statement of reason or reasons, the board in that case "did not have [statutory] authority to do anything other than dismiss the protest." 292 Neb. at 540, 873 N.W.2d at 206. We further reasoned in *Village at North Platte* that because the board "lacked authority to hear the taxpayer's . . . protest on the merits of the valuation, TERC likewise lacked authority to do so." 292 Neb. at 541, 873 N.W.2d at 207. We concluded that the board in *Village at North Platte* "lacked statutory authority to take any other action" than to dismiss the protest and that therefore, TERC "correctly declined to reach the merits of the appeal regarding the property's value." 292 Neb. at 542, 873 N.W.2d at 208.

[5] In the present case, Wheatland failed to meet the requirement in § 77-1502(1) that a protest "regarding real property shall be signed and filed . . . on or before June 30." Unlike § 77-1502(2) with regard to the required statement of reason or reasons at issue in *Village at North Platte*, § 77-1502(1) does not specifically state that a protest that fails to meet the June 30 filing requirement must be dismissed by the county board of equalization. However, as TERC noted in its order, the applicable regulation, § 003.03A, provides in part that "[i]f the protest is not timely filed, it will automatically be dismissed." Agency regulations properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law. *Ash Grove Cement Co. v. Nebraska Dept. of Rev.*, 306 Neb. 947, 947 N.W.2d 731 (2020).

[6] We determine that our reasoning in *Village at North Platte* regarding the statutory requirements in § 77-1502 logically applies to the statutory requirement that a protest must be filed on or before June 30. Section 77-1502 provides the statutory authority for a county board of equalization to review and decide protests, and the requirements of the statute must be met in order for a board to exercise that authority. Section 77-1502 requires that a protest must be filed on or before June 30 in order for a board to exercise the

- 348 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

authority. Furthermore, the applicable regulation, § 003.03A, specifically provides that a protest that is not timely filed will "automatically be dismissed." Therefore, when a protest of property valuation is not timely filed on or before June 30, the county board of equalization lacks statutory authority to review and decide the merits of the protest, and it does not have statutory authority to do anything other than dismiss the protest.

Wheatland argues in this case that the Board could, and did, waive the June 30 requirement when it allegedly accepted the protest and heard argument on the protest. We note that TERC stated that the preponderance of the evidence did not support Wheatland's assertion that the Board heard argument on the protest; instead, two Board members attested that the Board discussed Wheatland's appeals to TERC of prior years' valuations but did not discuss the protest of the 2021 valuation. With regard to Wheatland's assertion that the Board accepted the protest, we note that after receiving the protest from Wheatland on July 1, the clerk sent a letter the next day stating that the protest was late and would not be heard.

[7] TERC found that the Board did not "waive" the filing deadline, and such filing is supported by the record. However, whether or not the Board attempted to waive the June 30 requirement in this case, the Board did not have authority to do so. Wheatland argues that "shall" as used in § 77-1502(1) indicates merely a directory, rather than a mandatory, requirement and that as such, the requirement may be waived. We disagree. We have stated that we generally do not read the use of the terms "must" and "shall" as permissive rather than mandatory. See, *Williams v. Williams*, 311 Neb. 772, 975 N.W.2d 523 (2022); *Karo v. NAU Country Ins. Co.*, 297 Neb. 798, 901 N.W.2d 689 (2017). The requirement in § 77-1502(1) that the protest "shall" be filed on or before June 30 is mandatory, and timely filing is required in order to give the Board statutory authority to consider a protest. The mandatory nature of this requirement is bolstered by the regulation, § 003.03A,

- 349 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

requiring that if the protest is not timely filed, the protest is automatically dismissed.

[8] Because the Board was required to dismiss the protest, we determine that it was proper for TERC to affirm the Board's dismissal of Wheatland's protest. Similar to our reasoning in *Village at North Platte v. Lincoln Cty. Bd. of Equal.*, 292 Neb. 533, 873 N.W.2d 201 (2016), we conclude that when a county board of equalization lacks authority to review and decide a protest of property valuation on the merits because the protest was not timely filed, TERC likewise lacks authority to review the merits of the protest. Because a county board of equalization lacks statutory authority to take any other action than to dismiss a protest that is not timely filed, TERC, as it did in this case, should decline to reach the merits of the appeal of a proper dismissal and instead should affirm the dismissal.

Although we read TERC's order as affirming the Board's dismissal of the protest, there is language in TERC's order referring to "jurisdiction" and stating that the appeal must be dismissed for lack of jurisdiction. We noted similar references to jurisdiction in *Village at North Platte*; we recognized that TERC's jurisdiction over an appeal is derived from § 77-5013, which we described as providing that

> TERC obtains exclusive jurisdiction over an appeal when:
> (1) TERC has the power or authority to hear the appeal;
> (2) the appeal is timely filed; (3) the filing fee, if applicable, is timely received and thereafter paid; and (4) a copy of the decision, order, determination, or action appealed from, . . . is timely filed.

292 Neb. at 540, 873 N.W.2d at 206-07. We further observed in *Village at North Platte* that § 77-5013(1) provides that "'[o]nly the requirements of this subsection shall be deemed jurisdictional'" and that TERC "has the power and duty to hear and determine appeals of any decision of any county board of equalization" so long as jurisdictional requirements are met. 292 Neb. at 540, 873 N.W.2d at 207. See, similarly, *Karo v.*

- 350 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MID AMERICA AGRI PRODS. v. PERKINS CTY. BD. OF EQUAL.
Cite as 312 Neb. 341

*NAU Country Ins. Co.*, 297 Neb. at 810, 901 N.W.2d at 697, 698 (noting distinction between "jurisdictional" and "'claim-processing rules'").

In *Village at North Platte*, we acknowledged the proposition that if the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction, and we determined that a "comparable rule" was applicable with regard to appeals to TERC from decisions of boards of equalization. 292 Neb. at 541, 873 N.W.2d at 207. We stated that when a board of equalization lacks authority to hear a protest on the merits, TERC likewise lacks authority to do so. In the present case, although it made references to "jurisdiction," TERC properly recognized that because the Board lacked statutory authority to review Wheatland's protest on the merits, TERC also lacked authority to review the merits of the protest. TERC therefore properly affirmed the Board's dismissal of the protest.

## CONCLUSION

The Board properly dismissed Wheatland's protest of the 2021 property valuation because the protest was filed after the statutory June 30 deadline, and we therefore affirm TERC's order which affirmed the Board's dismissal of Wheatland's 2021 protest.

Affirmed.