Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:07 PM CDT

- 1 -

Perkins County Board of Equalization, appellant,
v. Mid America Agri Products/Wheatland
Industries, LLC, appellee.

___ N.W.3d ___

Filed July 5, 2024.    No. S-23-122.

1. **Taxation: Appeal and Error.** Questions of law arising during appellate review of the Tax Equalization Review Commission's decisions are reviewed de novo on the record.

2. **Statutes.** Statutory interpretation presents a question of law.

3. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.

4. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

5. **Statutes: Appeal and Error.** The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.

6. **Administrative Law: Jurisdiction: Statutes: Appeal and Error.** When a statute confers authority on the courts to review administrative decisions, the requirements of the statute are mandatory and must be complied with before the court acquires jurisdiction.

7. ____: ____: ____: ____. When a court has statutory authority to review the decision of an administrative agency, it acquires jurisdiction only when judicial review is sought in the mode and manner and within the time provided by statute.

8. **Taxation: Jurisdiction: Service of Process: Appeal and Error.** To satisfy the jurisdictional requirements for instituting proceedings for judicial review under Neb. Rev. Stat. § 77-5019(2) (Reissue 2018), an aggrieved party must (1) file a petition for judicial review and pay the required docket fee in the Nebraska Court of Appeals within 30 days of

the Tax Equalization and Review Commission's final order, (2) make all parties of record parties to the proceedings for review, and (3) serve summons on all parties of record within 30 days after filing the petition in the manner provided for service of a summons in a civil action.

9. **Service of Process: Words and Phrases.** When a statute requires summons to be served as in other civil actions, it simply means that a summons must be served which will be valid under the general rules of law governing the validity of a summons and its service.

10. **Taxation: Service of Process: Appeal and Error.** Nebraska appellate courts require strict compliance with the service of summons requirement in Neb. Rev. Stat. § 77-5019(2)(b) (Reissue 2018).

11. **Administrative Law: Jurisdiction: Service of Process: Appeal and Error.** Under the Administrative Procedure Act, service of summons in the manner required by Neb. Rev. Stat. § 84-917 (Cum. Supp. 2022) is a prerequisite to the exercise by the district court of its jurisdiction over the subject matter on an appeal from an adverse decision of an administrative agency.

12. **Jurisdiction.** Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.

13. **Statutes: Judicial Construction: Legislature: Presumptions: Intent.** Where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.

14. **Taxation: Jurisdiction: Statutes: Service of Process.** Under Neb. Rev. Stat. § 77-5019(2)(b) (Reissue 2018), the requirement to timely serve summons in the manner required by statute is plainly jurisdictional in nature, and attempts to satisfy that requirement using alternate methods are ineffectual.

15. ____: ____: ____: ____. When instituting proceedings for judicial review under Neb. Rev. Stat. § 77-5019 (Reissue 2018), a voluntary appearance is not a permissible substitute for strict compliance with the statutory requirement to timely serve summons on all parties of record.

Appeal from the Tax Equalization and Review Commission. Appeal dismissed.

Zachary W. Lutz-Priefert, Frederick D. Stehlik, and John Andrew McWilliams, of Gross, Welch, Marks & Clare, P.C., L.L.O., for appellant.

Timothy L. Moll, of Rembolt Ludtke, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

The Perkins County Board of Equalization (the Board) filed a petition for judicial review in the Nebraska Court of Appeals pursuant to Neb. Rev. Stat. § 77-5019 (Reissue 2018), alleging it was aggrieved by final decisions of the Tax Equalization and Review Commission (TERC). We moved the matter to our docket and issued an order to show cause why it should not be dismissed for lack of jurisdiction. The jurisdictional question presented is whether a voluntary appearance can satisfy the statutory requirement in § 77-5019(2)(b) that "[s]ummons shall be served on all parties within thirty days after the filing of the petition in the manner provided for service of a summons in a civil action." We hold that a voluntary appearance is not a permissible substitute for strict compliance with the statutory requirement to timely serve summons under § 77-5019(2)(b), and we must dismiss this matter for lack of jurisdiction.

## BACKGROUND

Mid America Agri Products/Wheatland Industries, LLC (Wheatland), owns real property in Perkins County, Nebraska, that is improved with ethanol production facilities. In 2018, 2019, and 2020, Wheatland protested the valuations set by the Perkins County assessor on this property. The Board denied these protests and affirmed the valuations for all 3 tax years. Wheatland appealed the Board's decisions to TERC. In an order entered January 17, 2023, TERC reversed the Board's decisions and adopted lower valuations for each of the 3 tax years.

### PETITION FOR JUDICIAL REVIEW

On February 16, 2023, the Board filed a petition in the Court of Appeals pursuant to § 77-5019(1), seeking judicial review

- 4 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

of TERC's decision. The same day, the Board paid the docket fee required by § 77-5019(2)(a) and filed a praecipe asking the Clerk of the Nebraska Supreme Court and Court of Appeals to issue a summons for service by certified mail on Wheatland, in accordance with § 77-5019(2)(b). The clerk's office issued summons the same day.

Approximately 1 week later, on February 22, 2023, the Board mailed the summons and a copy of the petition to Wheatland via certified mail, return receipt requested. The record contains a return of service showing that summons was delivered to Wheatland's corporate office via certified mail on March 29.

The record also shows that before summons was served, the Board emailed a courtesy copy of the summons and petition to Wheatland's counsel. Thereafter, on February 23, 2023, Wheatland's counsel filed an appearance of counsel, as well as a "Response to Petition for Review" admitting certain allegations in the Board's petition, denying others, and requesting judicial affirmance of TERC's decisions for all 3 tax years.

After the parties filed their appellate briefs in the Court of Appeals, we moved this matter to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts.[1]

## ORDER TO SHOW CAUSE

After moving the matter to our docket, we issued an order to show cause why it should not be dismissed for lack of jurisdiction, noting the appellate record did not show that summons had been timely served on Wheatland as required by § 77-5019(2)(b). Both parties filed responses to the show cause order.

In their responses, neither party challenged the settled principle that timely service of summons is a prerequisite for an

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

- 5 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

appellate court to acquire jurisdiction under § 77-5019(2)(b),[2] and neither party disputed that the Board failed to timely serve summons on Wheatland within 30 days after the petition was filed. But the Board claimed in its response that it was "not necessary to complete service by certified mail because Wheatland entered a voluntary appearance" when it filed a response to the petition on February 23, 2023.

Wheatland disagreed. It emphasized that timely service of summons has long been considered a jurisdictional requirement for initiating judicial review of a TERC decision pursuant to § 77-5019(2)(b),[3] and it relied on cases construing similar requirements under the Administrative Procedure Act (APA)[4] to argue that a voluntary appearance is not a permissible substitute for the requirement of serving summons under § 77-5019(2)(b) and thus cannot confer appellate jurisdiction on this court.[5]

We deferred ruling on the order to show cause until plenary submission after oral argument. This opinion addresses the show cause order as a threshold matter because it presents an issue of jurisdiction.

## ASSIGNMENTS OF ERROR

The Board assigns that TERC erred in rejecting the Board's valuations of the subject property and establishing lower valuations for the 2018, 2019, and 2020 tax years.

---

[2] See, e.g., *Cargill Meat Solutions v. Colfax Cty. Bd. of Equal.*, 281 Neb. 93, 798 N.W.2d 823 (2011); *Hilt v. Douglas Cty. Bd. of Equal.*, 30 Neb. App. 425, 970 N.W.2d 113 (2021); *Widtfeldt v. Holt Cty. Bd. of Equal.*, 12 Neb. App. 499, 677 N.W.2d 521 (2004); *McLaughlin v. Jefferson Cty. Bd. of Equal.*, 5 Neb. App. 781, 567 N.W.2d 794 (1997).

[3] See, e.g., *Cargill Meat Solutions, supra* note 2; *Hilt, supra* note 2; *Widtfeldt, supra* note 2; *McLaughlin, supra* note 2.

[4] Neb. Rev. Stat. § 84-917 (Cum. Supp. 2022).

[5] See, e.g. *Omaha Expo. & Racing v. Nebraska State Racing Comm.*, 307 Neb. 172, 949 N.W.2d 183 (2020); *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997).

- 6 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

## STANDARD OF REVIEW

[1] Questions of law arising during appellate review of TERC's decisions are reviewed de novo on the record.[6]

[2] Statutory interpretation presents a question of law.[7]

[3] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.[8]

## ANALYSIS

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[9]

[5-7] The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.[10] When a statute confers authority on the courts to review administrative decisions, the requirements of the statute are mandatory and must be complied with before the court acquires jurisdiction.[11] Stated differently, when a court has statutory authority to review the decision of an administrative agency, it acquires jurisdiction only when judicial review is sought

---

[6] *Mid America Agri Prods. v. Perkins Cty. Bd. of Equal.*, 312 Neb. 341, 979 N.W.2d 95 (2022).

[7] *Id.*

[8] *Preserve the Sandhills v. Cherry County*, 313 Neb. 668, 986 N.W.2d 265 (2023).

[9] See *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

[10] *Id.* See, also, *Preserve the Sandhills, supra* note 8.

[11] See *J.S., supra* note 9. Accord *Lydick v. Johns*, 185 Neb. 717, 719, 178 N.W.2d 581, 583 (1970) (when statutes create right of appeal from decisions of quasi-judicial tribunals "'the mode and manner of appeal is statutory and such jurisdiction can only be conferred in the manner provided by statute'").

- 7 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

"in the mode and manner and within the time provided by statute."[12]

Because the Board seeks judicial review of TERC's decisions pursuant to § 77-5019, we begin our jurisdictional analysis by recalling the statutory requirements that govern the mode, manner, and timeframes for instituting such review in the appellate court.

### Judicial Review of TERC Decision Under § 77-5019

As relevant here, § 77-5019(1) provides that "[a]ny party aggrieved by a final decision in a case appealed to [TERC] shall be entitled to judicial review in the Court of Appeals." The mandatory requirements for instituting such review are set out in the next subsection, which provides in relevant part:

> (2)(a) Proceedings for review shall be instituted by filing a petition and the appropriate docket fees in the Court of Appeals:
>
> (i) Within thirty days after the date on which a final appealable order is entered by [TERC.]
>
> . . . .
>
> (b) All parties of record shall be made parties to the proceedings for review. [TERC] shall only be made a party of record if the action complained of is an order issued by [TERC] pursuant to section 77-1504.01 or 77-5020 or sections 77-5023 to 77-5028. *Summons shall be served on all parties within thirty days after the filing of the petition in the manner provided for service of a summons in a civil action.*[13]

---

[12] *Omaha Expo. & Racing, supra* note 5, 307 Neb. at 181, 949 N.W.2d at 192. Accord, *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017); *J.S., supra* note 9.

[13] § 77-5019(2) (emphasis supplied).

- 8 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

[8,9] As such, to satisfy the jurisdictional requirements for instituting judicial review proceedings under § 77-5019(2), an aggrieved party must (1) file a petition for judicial review and pay the required docket fee in the Court of Appeals within 30 days of TERC's final order,[14] (2) make all parties of record parties to the proceedings for review, and (3) serve summons on all parties of record within 30 days after filing the petition "in the manner provided for service of a summons in a civil action."[15] We have explained that a when a statute requires summons to be served as in other civil actions, it "simply means that a summons must be served which will be valid under the general rules of law governing the validity of a summons and its service."[16]

Here, the record shows the Board timely filed its petition, timely paid the required docket fee, and made all parties of record parties to the proceeding. The only jurisdictional dispute is whether the Board timely served summons on Wheatland "in the mode and manner and within the time provided"[17] by § 77-5019(2)(b).

As stated, in response to the show cause order, Wheatland contends that this TERC appeal must be dismissed for lack of jurisdiction because summons was served more than 30 days after the petition was filed and thus was untimely under § 77-5019(2)(b). The Board disagrees and contends that service of summons was rendered unnecessary because Wheatland effectively entered a voluntary appearance and, pursuant to Neb. Rev. Stat. § 25-516.01 (Cum. Supp. 2022), a voluntary appearance is "equivalent to service."

---

[14] § 77-5019(2)(a).

[15] § 77-5019(2)(b).

[16] *Norris P.P. Dist. v. State ex rel. Jones*, 183 Neb. 489, 492, 161 N.W.2d 869, 871 (1968) (construing APA statutory requirement that summons shall be served as in other actions except that copy of petition shall be served on any such agency together with summons).

[17] *Omaha Expo. & Racing, supra* note 5, 307 Neb. at 181, 949 N.W.2d at 192. Accord, *Kozal, supra* note 12; *J.S., supra* note 9.

- 9 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

To address these arguments, we review Nebraska cases construing and applying the service of summons requirement under § 77-5019(2)(b), and as appropriate, we discuss cases construing and applying similar service provisions under other acts that authorize judicial review of administrative decisions.

## Service of Summons Under § 77-5019(2)

Since 1997, the Court of Appeals has consistently held that "[s]ervice of summons within 30 days of the filing of the petition for review of TERC's decision is necessary to confer subject matter jurisdiction upon the [appellate courts]."[18] Similarly, this court's 2011 opinion in *Cargill Meat Solutions v. Colfax Cty. Bd. of Equal.*[19] illustrates the settled principle that timely serving summons in the manner required by § 77-5019(2) is a statutory prerequisite to an appellate court acquiring jurisdiction to review a TERC decision under § 77-5019.

In *Cargill Meat Solutions*, a county board of equalization sought judicial review of a TERC decision that vacated the board's valuation of a meatpacking facility and assigned a lower value. At that time, the statute provided in relevant part:

Proceedings for review shall be instituted by filing a petition and the appropriate docket fees in the Court of Appeals within thirty days after the date on which a final appealable order is entered by [TERC]. All parties of record shall be made parties to the proceedings for review. . . . Summons shall be served on all parties within thirty days after the filing of the petition in the manner provided for service of a summons in section 25-510.02.[20]

---

[18] *Hilt, supra* note 2, 30 Neb. App. at 429, 970 N.W.2d at 117. Accord, *Widtfeldt, supra* note 2; *McLaughlin, supra* note 2.

[19] *Cargill Meat Solutions, supra* note 2.

[20] § 77-5019(2)(a) (Reissue 2009).

- 10 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

In 2011, as now, Neb. Rev. Stat. § 25-510.02 (Reissue 2016) set out the manner for serving summons on the State and its political subdivisions. Because the taxpayer in *Cargill Meat Solutions* was a private corporation and not one of the governmental entities covered by § 25-510.02, the board sent summons to the taxpayer's attorney rather than serving it using any of the methods authorized by § 25-510.02. The taxpayer subsequently moved to dismiss the TERC appeal for lack of jurisdiction, arguing the board had not strictly complied with the statutory requirement for serving summons under § 77-5019(2). We agreed and dismissed the matter, holding that "the [b]oard did not comply with any statute which would confer jurisdiction upon this court."[21] But we took the opportunity to point out "a jurisdictional trap that ensnared the [b]oard"[22] when it attempted to serve summons, explaining:

As [the taxpayer] points out in its brief, the previous version of § 77-5019(2)(a) required that summons be served "in the manner provided for service of a summons in a civil action." This language was workable. It provided the flexibility to allow a corporation to be served as a corporation, an individual to be served as an individual, and a political subdivision to be served as a political subdivision. Stating the obvious, the Legislature needs to correct this procedural trap.[23]

Shortly after our *Cargill Meat Solutions* decision, the Legislature amended § 77-5019(2) to once again provide, as it does currently, that "[s]ummons shall be served on all parties within thirty days after the filing of the petition in the manner provided for service of a summons in a civil action."[24] Notably, when the Legislature amended § 77-5019(2) to

---

[21] *Cargill Meat Solutions, supra* note 2, 281 Neb. at 98, 798 N.W.2d at 827.

[22] *Id.* at 94, 798 N.W.2d at 824.

[23] *Id.* at 98, 798 N.W.2d at 826.

[24] § 77-5019(2)(b) (Reissue 2018). See 2011 Neb. Laws, L.B. 384, § 32.

- 11 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

expand the permissible methods for serving summons on parties of record, it neither altered the jurisdictional nature of that requirement, nor expressly authorized any alternate method of accomplishing service.

[10] In sum, Nebraska appellate courts have consistently required strict compliance with the service of summons requirement in § 77-5019(2)(b), and we have dismissed TERC appeals for lack of subject matter jurisdiction when the record showed summons was not served in strict compliance with the statute, either because summons was not served within the statutory timeframe[25] or because service was attempted using a method not expressly authorized by § 77-5019(2).[26]

Here, because Wheatland is a corporation, the manner of serving summons in a civil action is governed by Neb. Rev. Stat. § 25-509.01 (Reissue 2016). That statute authorizes several methods of serving summons, including the one chosen by the Board in this case, "certified mail . . . to the corporation's registered office."[27] The Board therefore attempted service of summons using a method authorized by the provisions of § 77-5019(2)(b), but it did not complete such service within the required 30-day time period. Because the Board did not satisfy the statutory prerequisites for this court to acquire jurisdiction to review the TERC decision under § 77-5019(2)(b), settled Nebraska precedent requires dismissal.[28]

---

[25] See, e.g., *McLaughlin, supra* note 2 (holding appellate court lacked jurisdiction over TERC appeal because taxpayer was not served with summons within 30 days of filing petition for judicial review).

[26] See *Cargill Meat Solutions, supra* note 2. See, also, *Hilt, supra* note 2 (holding appellate court lacked jurisdiction over TERC appeal because method used to serve summons on county board of equalization did not strictly comply with statute governing service of summons on political subdivisions); *Widtfeldt, supra* note 2 (same).

[27] § 25-509.01.

[28] See *McLaughlin, supra* note 2.

- 12 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

But the Board argues for a different disposition. Even though summons was served outside the 30-day period, the Board contends that dismissal for lack of jurisdiction is not required on this record, because Wheatland entered a voluntary appearance and thus effectively waived the service of summons requirement under § 77-5019(2)(b). We consider this issue next and ultimately reject the contention that a voluntary appearance can substitute for compliance with the mandatory service of summons requirement under § 77-5019(2)(b).

#### Effect of Voluntary Appearance

As stated, the Board argues that when Wheatland filed its "Response to Petition for Review" on February 23, 2023, it effectively entered a voluntary appearance. And because § 25-516.01(1) provides that "[t]he voluntary appearance of the party is equivalent to service," the Board contends in its response to the order to show cause that it was "not necessary to complete service by certified mail because Wheatland entered a voluntary appearance." We express no opinion on whether Wheatland's written response to the petition can properly be considered a voluntary appearance under § 25-516.01, because even assuming without deciding that it can, we reject the Board's contention that a voluntary appearance can waive the jurisdictional requirement of serving summons under § 77-5019(2)(b).

This court has not previously addressed the effect of a voluntary appearance on the requirement of serving summons under § 77-5019, but we have considered the effect of voluntary appearances on the requirement for serving summons under the APA.[29] We find guidance in our APA cases addressing this issue, because the Legislature used the APA as a model when authorizing judicial review of TERC decisions

---

[29] See, e.g., *Omaha Expo. & Racing, supra* note 5; *Concordia Teachers College, supra* note 5.

- 13 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

under § 77-5019[30] and the jurisdictional requirements pertaining to service of summons are similar under both acts.[31]

[11] In 1968, this court first announced the principle that when instituting proceedings for judicial review under the APA, it is a jurisdictional requirement that all parties of record must be served with summons in the manner required by § 84-917.[32] We reiterated this jurisdictional principle in the 1997 case *Concordia Teachers College v. Neb. Dept. of Labor*[33] and more recently in the 2020 case *Omaha Expo. & Racing v. Nebraska State Racing Comm.*,[34] holding in both cases that service of summons in the manner required by § 84-917 is "a prerequisite to the exercise by the district court of its jurisdiction over the subject matter on an appeal from an adverse decision of an administrative agency."[35]

---

[30] E.g., *Candyland, LLC v. Nebraska Liquor Control Comm.*, 306 Neb. 169, 175, 944 N.W.2d 740, 745 (2020) (noting "[TERC] appeal statutes are modeled after the APA"); *Widtfeldt, supra* note 2, 12 Neb. App. at 501, 677 N.W.2d at 523 (noting Legislature "modeled § 77-5019 . . . upon [APA]"); *McLaughlin, supra* note 2 (noting legislative history suggests APA was used as model for judicial review under § 77-5019 and acts contain nearly identical language).

[31] Compare § 84-917 (2)(a)(i) ("[s]ummons on any nongovernmental parties shall be served within thirty days of the filing of the petition in the manner provided for service of summons in a civil action"), with § 77-5019(2)(b) ("[s]ummons shall be served on all parties within thirty days after the filing of the petition in the manner provided for service of a summons in a civil action").

[32] See *Norris P.P. Dist., supra* note 16 (holding that for district court to have jurisdiction under § 84-917, petition must be timely filed, all parties of record must be made parties, and summons must be timely served on all parties of record).

[33] *Concordia Teachers College, supra* note 5.

[34] *Omaha Expo. & Racing, supra* note 5.

[35] *Concordia Teachers College, supra* note 5, 252 Neb. at 509, 563 N.W.2d at 349. Accord *Omaha Expo. & Racing, supra* note 5. See, also, *Candyland, LLC, supra* note 30 (holding court lacked subject matter jurisdiction to review administrative decision under APA because summons was not served on all parties of record within 30 days of filing petition).

- 14 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

[12] And as instructive here, in *Omaha Expo. & Racing*, we soundly rejected the suggestion that one can substitute a voluntary appearance for the APA's service of summons requirement. In doing so, we reasoned that although an effective voluntary appearance acts to confer personal jurisdiction, strict compliance with the statutory service requirement under § 84-917 is still necessary to confer subject matter jurisdiction under the APA. We explained that service of summons is necessary to provide the reviewing court with subject matter jurisdiction, reasoning:

> Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. Accordingly, [parties of record are] unable to voluntarily submit [themselves] to the district court's authority and . . . filing [a voluntary appearance does] not overcome [the] failure to serve [summons] as required by § 84-917(2).[36]

We reached the same conclusion when considering whether a voluntary appearance under § 25-516.01 can effectively waive the service of summons requirement for judicial review proceedings under the Student Discipline Act.[37] In *J.S. v. Grand Island Public Schools*,[38] the parties sought judicial review of a school board's administrative decision to suspend a student. We noted that to initiate such proceedings under Neb. Rev. Stat. § 79-289 (Reissue 2014), a petition for judicial review must be filed in the district court within 30 days after the decision, and that "'[s]ummons shall be served as in other actions, except that a copy of the petition shall be served upon the board together with the summons.'"[39]

---

[36] *Omaha Expo. & Racing, supra* note 5, 307 Neb. at 182-83, 949 N.W.2d at 193.

[37] See *J.S., supra* note 9.

[38] *Id.*

[39] *Id.* at 353, 899 N.W.2d at 898, quoting § 79-289(3) (emphasis omitted).

- 15 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

Although the school board in *J.S.* filed a voluntary appearance expressly purporting to waive service of summons under § 79-289, we reasoned that the voluntary appearance was equivalent to service only for purposes of personal jurisdiction, and we held that service of summons remained a statutory requirement to establish the district court's subject matter jurisdiction over the judicial review proceeding. Because the record in *J.S.* showed the school board had not been served with summons and a copy of the petition in the manner required by the Student Discipline Act, we concluded the district court never acquired subject matter jurisdiction over the proceeding.

Our cases under both the APA and the Student Discipline Act have been consistent in concluding that because the Legislature has mandated service of summons as one of the jurisdictional prerequisites for judicial review of administrative decisions, a voluntary appearance purporting to waive service of summons is not a permissible substitute.[40] This rule is so well settled in our jurisprudence that a legal commentator provides this caution to practitioners:

> There is one situation in which a voluntary appearance should not be used: when service is required for judicial review of an administrative decision. The [APA] requires the party to file a petition in the district court where the action was taken and to serve a summons within thirty days of the filing of the petition. The Supreme Court has held that filing the petition and properly serving the summons are both necessary to vest the court with subject matter jurisdiction. Although a voluntary appearance may be sufficient to vest the court with personal jurisdiction, it is not sufficient to vest the court with subject matter jurisdiction.[41]

---

[40] See, *Omaha Expo. & Racing, supra* note 5; *J.S., supra* note 9; *Concordia Teachers College, supra* note 5.

[41] John P. Lenich, Nebraska Civil Procedure § 10:26 at 564-65 (2024).

- 16 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

[13] To summarize, when construing statutes that mandate service of summons as one of the requirements to institute proceedings for judicial review of administrative decisions, Nebraska appellate courts have consistently held that strict compliance with the statutory mode, manner, and timeframe for serving summons is necessary for a court to acquire subject matter jurisdiction.[42] "Where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent."[43] And, as we alluded to earlier, although the Legislature has amended the service of summons provisions under the APA and the TERC act several times to change the permissible method for serving summons,[44] it has left unchanged the rule that service of summons is a jurisdictional prerequisite for exercising judicial review, and it has not authorized any alternate method for accomplishing service.[45]

---

[42] See, e.g., *Omaha Expo. & Racing, supra* note 5; *Candyland, LLC, supra* note 30; *J.S., supra* note 9; *Cargill Meat Solutions, supra* note 2; *Concordia Teachers College, supra* note 5; *Norris P.P. Dist., supra* note 16; *Hilt, supra* note 2 (holding appellate court lacked jurisdiction over TERC appeal because method used to serve summons on county board of equalization did not strictly comply with statute governing service of summons on political subdivisions); *Widtfeldt, supra* note 2; *McLaughlin, supra* note 2.

[43] *State v. Muratella*, 314 Neb. 463, 470, 991 N.W.2d 25, 31 (2023).

[44] See, e.g., 1997 Neb. Laws, L.B. 165 § 5 (amending manner for serving summons under APA); 2011 Neb. Laws, L.B. 384, § 32 (amending manner for serving summons under TERC act).

[45] See, e.g., *Omaha Expo. & Racing, supra* note 5, 307 Neb. at 197, 949 N.W.2d at 201 (Papik, J., concurring) (noting "even if the Legislature has, up to this point, acquiesced in our interpretation of the APA . . . the outcome in this case may provide reason for the Legislature to consider anew whether the APA should be amended to allow courts to exercise subject matter jurisdiction when parties are not served with a summons but nonetheless make a timely general appearance in a judicial review proceeding").

- 17 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

[14] For the sake of completeness, we note that although our prior cases have focused on the distinction between personal jurisdiction and subject matter jurisdiction to reject the contention that a voluntary appearance can satisfy the requirement for timely service of summons,[46] we think there is another reason to reject the contention. Courts acquire jurisdiction to review administrative decisions only when judicial review is sought "in the mode and manner and within the time provided by statute."[47] The jurisdictional requirements for instituting judicial review under the TERC act plainly mandate that "[s]ummons shall be served on all parties within thirty days after the filing of the petition in the manner provided for service of a summons in a civil action."[48] A voluntary appearance is not a manner provided for service of summons in civil actions; rather, it is an option to avoid serving summons at all. The Legislature has required timely service of summons as a statutory prerequisite to judicial review of administrative decisions under the TERC act. So whether that requirement is characterized as a matter of subject matter jurisdiction or as something more akin to appellate jurisdiction,[49] the requirement to timely serve summons in the manner required by statute is plainly jurisdictional in nature, and attempts to satisfy that requirement using alternate methods are ineffectual.[50]

---

[46] See, *Omaha Expo. & Racing, supra* note 5; *J.S., supra* note 9. See, also, *Concordia Teachers College, supra* note 5.

[47] *Omaha Expo. & Racing, supra* note 5, 307 Neb. at 181, 949 N.W.2d at 192. Accord, *Kozal, supra* note 12; *J.S., supra* note 9.

[48] § 77-5019(2)(b).

[49] See, e.g., *Saint James Apt. Partners v. Universal Surety Co.*, 316 Neb. 419, 426, 5 N.W.3d 179, 188 (2024) ("[t]he requirements of a statute underlying a right to appeal are mandatory and must be complied with before the appellate court acquires jurisdiction over the subject matter . . .").

[50] See *Twiss v. Trautwein*, 247 Neb. 535, 537, 529 N.W.2d 24, 26 (1995) (holding that service of summons under APA must be made using method provided in statute and "[a]ll other forms of service in actions against the State of Nebraska or any of its political subdivisions are ineffectual").

- 18 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

[15] For these reasons, we must reject the Board's contention that a voluntary appearance is a permissible substitute for strict compliance with the requirement to timely serve summons on all parties of record under § 77-5019(2)(b). If the Legislature wants to authorize a voluntary appearance as a permissible substitute for the requirement of serving summons, it would be simple to amend § 77-5019(2)(b) to provide, "The voluntary appearance of a party is equivalent to service of a summons on that party." But it is not the proper role of this court to effectively amend the statute by judicial construction.

CONCLUSION

When a court is given statutory authority to review the decision of an administrative agency, it acquires jurisdiction only when judicial review is sought "in the mode and manner and within the time provided by statute."[51] The jurisdictional prerequisites for instituting judicial review proceedings under § 77-5019(2)(b) required the Board to serve summons on all parties of record within 30 days after filing the petition "in the manner provided for service of a summons in a civil action." Because this requirement was not satisfied, we must dismiss this matter for lack of jurisdiction.

APPEAL DISMISSED.

---

[51] *Omaha Expo. & Racing, supra* note 5, 307 Neb. at 181, 949 N.W.2d at 192. Accord, *Kozal, supra* note 12; *J.S., supra* note 9.

PAPIK, J., concurring.

I concur in the court's decision because I believe it faithfully applies the governing statute and our cases interpreting it and similar statutes. I write separately to make two points.

*First*, I remain puzzled as to why a party seeking judicial review of an administrative decision should be required to serve a summons if the opposing party has filed a voluntary appearance. As I have written before, the purpose of the summons requirement is obviously to provide notice to the

- 19 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PERKINS CTY. BD. OF EQUAL. v. MID AMERICA AGRI PRODS.
Cite as 317 Neb. 1

opposing party, but when the opposing party not only knows of the proceeding but voluntarily appears, "there is no need to worry about whether [that party] received adequate notice." *Omaha Expo. & Racing v. Nebraska State Racing Comm.*, 307 Neb. 172, 195, 949 N.W.2d 183, 200 (2020) (Papik, J., concurring). I recognize, however, that any change to this rule will likely require legislative action.

*Second*, I understand the court's decision today to hold that when a party seeks judicial review of an administrative action under the APA or a statute like the one at issue here, the party must serve a summons and may not rely on an opposing party's voluntary appearance. I do not understand it to comment on whether a party may rely on a voluntary appearance in other contexts in which a statute directs that summons shall be served "in the manner provided for service of a summons in a civil action." See Neb. Rev. Stat. § 77-5019(2)(b) (Reissue 2018). I join the court's opinion with that understanding.

Freudenberg, J., joins in this concurrence.